JAMES CLEMENS, JR., Respondent, *v*. OWEN MURPHY, Appellant.

1. *Landlord and Tenant — Improvements.* — It is not enough for the tenant to offer to fulfil the covenants of his lease so as to obtain permission from his landlord to remove the improvements he has erected upon the demised premises. He must first fulfil his covenants, and then he may have the legal right to remove his improvements without any permission.

2. *Judgment — Estoppel — Record—Evidence.*—The record of a judgment, in a former suit between the same parties, to constitute an estoppel, must show that the same subject matter had been passed upon and adjudicated in that suit.

*Appeal from St. Louis Court of Common Pleas.*

This was an action for rent and taxes under a lease from

plaintiff to defendant. The lease expired January 1, 1854, but defendant held over to February 17, 1862, when he was dispossessed by law under a landlord's summons and judgment. By the terms of the lease under which defendant held over, the rent was $500 per annum, payable monthly, and all State, county and city taxes. And it was further provided in said lease, that "at the end of the term for which this lease is made, all rents and covenants being paid and complied with on the part of the said Owen Murphy, he (the said Owen Murphy) shall have the right and privilege to remove any building or buildings he may have erected on the premises during the continuance of this lease." Lease dated February 1, 1844. Plaintiff claimed

| | | |
|---|---:|---:|
| State, county and railroad tax for 1860, - - | $126 | 79 |
| "　　"　　"　　"　　"　" 1861, - - | 74 | 50 |
| City tax for 1861, - - - - - - | 68 | 15 |
| | $269 | 44 |
| From which was deducted at the trial the railroad tax for 1860 and 1861, amounting to - - | 74 | 55 |
| | $194 | 89 |
| Rent for the months of October & November, 1860, | 83 | 35 |
| Rent from March 1st, 1861, to February 17, 1862, when defendant was dispossessed, - - - | 480 | 56 |
| | $758 | 80 |

Defendant denied tax for 1861, alleging that he paid the tax for 1843 in 1844, by agreement with plaintiff, in lieu of those for 1861 at the termination of the lease; also denied the rent for October and November, 1860. but admitted the rent from March 1, 1861, to February 17, 1862.

Defendant set up a counter-claim for the value of the buildings—amount claimed $1,500—and alleged that he had fully complied with all the conditions of the lease; that he was thereby entitled to remove the buildings, but that plaintiff refused to permit him to do so; that he only occupied after the termination of the lease until such time as he could obtain a settlement with the plaintiff or permission to remove the buildings, both of which plaintiff refused.

Plaintiff, in his replication, denied the value of the buildings to be $1,500 as charged by the defendant, or that defendant had fully complied with the terms and conditions of the lease, or that defendant had ever offered to make a settlement with him or asked permission of him to remove the buildings; that he (plaintiff) was compelled and did institute proceedings and dispossessed said defendant by law for failure to pay the rent.

By leave of the court first had and obtained, plaintiff filed an amended replication, denying that, by the terms of the lease, the defendant, at its expiration, or at any time since, was entitled to remove the buildings from said premises or to recover from the plaintiff the value thereof.

Trial by jury and verdict for    -    -    -    -    $836 85
of which plaintiff remitted the sum of    -    -    61 47

Amount of final judgment,    $775 38

On the trial, plaintiff read in evidence the lease; also the tax receipts (admitted to be genuine) for the amount of taxes as charged in the petition.

Amount of railroad tax included in the receipt of
1860,    -    -    -    -    -    -    -    -    $44 75
Do. do. for the year 1861,    -    -    -    -    29 80

$74 55

were withdrawn from the jury by the plaintiff at the trial.

John Vogel and J. B. Clemens, witnesses on the part of the plaintiff, proved non-payment of the rent for the months of October and November, 1860.

Plaintiff then read in evidence the transcript of the proceedings in the justice's court, from which it appeared that defendant was dispossessed from the premises February 17, 1862, for non-payment of rent due February 1, 1862, for the sum of $541.66.

Defendant, on his part, read in evidence the record in a former suit brought by Murphy, the present defendant, against the present plaintiff for a balance on a note.

In this action, the present plaintiff (then defendant) filed

an account in the way of a set-off, which account however embraced none of the items sued for in this action. It did, however, include three months' rent of the premises in question to March 1, 1861—being for December, January and February preceding.

Defendant then called plaintiff as a witness, and offered to prove by him that at the expiration of the lease the plaintiff owed him (defendant) a large sum of money, and would not settle with defendant because plaintiff could get a high rent from defendant; that defendant offered to pay all rent and taxes, and quit possession of the premises, provided plaintiff would allow him to remove the improvements; but plaintiff refused, and defendant, continuing in possession, refused to pay rent. All of which proof was excluded by the court, and defendant then and there excepted.

Witness testified that he did not recollect of any agreement with defendant that he should pay the taxes of 1843 in lieu of those of the last year of the demise, nor did he recollect whether or not the defendant had paid those taxes, nor could he say there was no such agreement, but his best recollection was that there was none.

This was all the evidence in the case.

The court, on its own motion, then gave the following instructions:

1. If in a former suit between these parties, in which Murphy was plaintiff and Clemens defendant, Clemens set up and was allowed a claim for rent for the months of December, January and February, and made no claim for the months of October and November preceding, the jury may presume that the rent for October and November had been paid; but the plaintiff may rebut that presumption by evidence which satisfies the jury that it had not been paid.

2. The plaintiff is entitled to recover the amount of rent for 11 months and 16 days, being from March 1, 1861, to February 17, 1862, as admitted by defendant's answer, together with such other items of plaintiff's demand as the jury may believe from the evidence he is entitled to recover

upon, with interest on the whole amount from the commencement of the suit.

3. The jury are instructed that if they believe from the evidence that plaintiff paid certain taxes for railroad purposes, and for which payment railroad scrip was issued and delivered to the plaintiff, then plaintiff cannot recover for such sums, unless the jury believe from the evidence that he has tendered this scrip to defendant, or made the profert thereof here in court.

Defendant asked the following instructions and which the court refused:

1. The jury are instructed that if they believe from the evidence that in this court there was a former suit between the parties, but in which the plaintiff herein was defendant and the defendant herein was plaintiff; that in that former suit, to the declaration of plaintiff therein (defendant in this suit), defendant in that former suit (plaintiff in this suit) claimed as an offset four months' rent as due to him up to April 1, 1861, but that one month was withdrawn, and judgment was rendered between the parties up to March 1, 1861, then such judgment was conclusive between the parties as to the amount of rent due between the parties, and the jury will find accordingly.

2. The jury are instructed that if they believe from the evidence that there was a former suit between the same parties, and in which cause there was a claim for rent set up by the plaintiff in this cause against defendant, then the judgment in that cause is *prima facie* evidence of a settlement between the parties of all rent due by defendant to plaintiff up to the time of the institution of that suit; and if plaintiff claims that more rent was due to him than he claimed therein, the burden of proof devolves upon plaintiff to establish the fact, and the jury must find accordingly.

3. The jury are instructed that plaintiff is not entitled to recover of defendant for the taxes of 1861, if they believe from the evidence that the taxes of 1844 were, with the con-

sent of plaintiff, paid by defendant in lieu of those which would accrue during the last year of the lease.

Defendant excepted to the ruling of the court.

The jury found a verdict for plaintiff, and defendant moved for a new trial.

*A. J. P. Garesché*, for appellant.

I. The former suit was a bar to the recovery of rent during October and November, 1860—1 Greenl. Ev. § 532 ; id. p. 663, n. 3 ; Booge v. Pacific R.R. 33 Mo. 212 ; Wickersham v. Whedon, 33 Mo. 561.

II. In a lease between the parties stipulating for the tenant the right to remove the improvements, he is authorized to recover their value—Schlemmer v. North, 32 Mo. 207.

III. Even viewed as a forfeiture, defendant would not be precluded from recovering the value of these improvements ; for forfeitures are regarded as a security for the rent, and equity will relieve against them.

"There is a marked difference between a forfeiture imposed by statute and one arising under the contract of parties. In the one case it cannot be relieved against, in the other it may"—Woodson v. Skinner, 22 Mo. 23.

" Relief (in equity) is never denied where the breach is accidental and without fault, and admits of compensation." —Messersmith v. Messersmith, 22 Mo. 373 ; 2 Sto. Eq. Jur. §§ 1313–16 ; 1 Eden on Inj. 41 ; Tayl. on Land. & Ten. 359, § 495 ; Platt on Cov. (1 Law. Lib.) 91, § 206 ; id. on Leases, ( 2 Law Lib.) 477 ; Rowston v. Burtley, 4 Bro. C. C. 415 ; Garner v. Hannah, 6 Duer, 262, valuable for its review of the authorities ; Gorman v. Low, Edw. Ch. 327.

That to restrain this well recognized practice of the courts of equity the statute of George IV. was enacted—Platt on Cov. (1 Law Lib.) 253, § 566 ; id. on Leases, ( 2 Law Lib.) p. 475.

Our own statutes embody a similar restriction (Land. & Ten. § 24, p. 1015), except against the class of cases pro-

tected by sec. 25—this where the party proceeds under secs. 19–24 of that act. But as *expressio unius est exclusio alterius*, this sec. 24 does not apply to proceedings like those of plaintiff against defendant under secs. 33–35 of the same statute.

*A. M. & S. H. Gardner*, for respondent.

The evidence offered by the defendant was inadmissible and was properly excluded by the court. It would not have proved, nor did defendant pretend that he could prove, a legal tender, or an unconditional offer even, to pay or perform the covenants of the lease. If admitted it would have shown no legal or proper justification, and was therefore properly excluded—Conrad v. Belt, 22 Mo. 166; Roussin v. Perpetual Ins. Co., 15 Mo. 244.

By the terms of the lease, the payment in full of all rent and taxes was a condition precedent to his right to remove, and it was therefore incumbent on the defendant to prove performance of this condition precedent before he could maintain an action and make any claim for damages against the plaintiff—2 Sto. Cont. § 978, p. 556; Milldam Foundry v. Hovey, 21 Pick. 439; N. E. Worsted Co. v. Knight, 2 Cush. 286; Slocum v. Despart, 8 Wend. 615; Morris v. Sliter, 1 Denio, 59; Northrup v. Northrup, 6 Conn. 296.

II. Judgments are not conclusive between parties except on matters directly in issue—Ridgley v. Stillwell, 27 Mo. 128; 1 Greenl. Ev. § 528; Dunlap v. Edwards, 29 Miss. (7 Cush.) 41. The matter must have been tried on its merits to make it *res adjudicata*—Bell v. Hoagland, 15 Mo. 360. The item of rent in this was not included in former suit, therefore not *res adjudicata*—Edwards v. Ballard, 14 La. An. 362.

Evidence may be given to show that the subject matter was not included in former judgment—Badger v. Titcomb, 15 Pick. 409; Webster v. Lee, 5 Mass. 334.

HOLMES, Judge, delivered the opinion of the court.

Two grounds of error are relied upon by the appellant for

a reversal of the judgment. The one is the exclusion of testimony offered in support of his counter-claim. In the first place, this counter-claim is pleaded in an insufficient manner; in the second place, the evidence proposed to be offered does not appear to have been sufficient to establish any counter-claim at all. Under the lease, the appellant had the right to remove his buildings erected on the premises, at the end of his term, provided that all rents had been paid and all covenants complied with. The lessee offered to pay up all rents and taxes, and quit possession, if the lessor would allow him to remove his improvements; and it was proposed to prove that the lessor refused to accept this offer. This was not enough. He should have paid what was due and kept his covenants, and then he might have removed his buildings without any permission from the lessor; or if the lessor had interfered and converted the property to his own use, it is very probable that an action might have been maintained against him for their value. However this may be, we are of the opinion that there was no error in excluding this testimony.

The other error complained of consists in the refusal of an instruction to the effect that the record of a former suit between the same parties was conclusive of the matter of the two months' rent claimed in this suit for October and November. The record did not show that this same subject matter had been passed upon and adjudicated in that suit. The rent for these months does not appear to have been included in the account on which that action was founded, and there was some evidence on the part of the respondent tending to show that it had been omitted by mistake, and had not in fact been passed upon by the jury in that case. We think the instructions which were given by the court were correct, and that there was no error in refusing those asked for by the appellant.

As to whether or not the lessee may have a cause of action against the lessor for the value of his buildings, if they have been converted to his use, when he shall have fully performed

the conditions of the lease on his own part, we do not undertake now to give any opinion.

The judgment here appears to have been given for the right party, and will be affirmed.   The other judges concur.