Spradling et al. v. Conway et al.

---

IRENE SPRADLING *et al.*, Plaintiffs in Error, *v.* WILLIAM S. CONWAY *et al.*, Defendants in Error.

1. Res adjudicata — *Merits must be passed on — Evidence, record of — Parol, testimony as to.* —Where the merits of a matter in dispute are not passed on, the judgment therein will be no bar to another action; and where the record does not positively show what was passed on, parol evidence may be resorted to.
2. *Distribution of estate — Testimony of the widow, etc.* — In a proceeding for the distribution of the estate of a deceased person, his widow is a competent witness, the deceased having no interest in the controversy; but her testimony as to confidential conversations with her husband should be excluded on the ground of public policy.

### Error to St. Francois Circuit Court.

At the time this suit in the Probate Court was brought, Mrs. Orten her husband and Mrs. Conway, children of deceased, Sprad-

| | |
|---|---|
| 51 | 51 |
| 98 | 385 |
| 51 | 51 |
| 108 | 359 |
| 51 | 51 |
| 51a | 244 |
| 51 | 51 |
| 116 | 645 |
| 51 | 51 |
| 123 | 571 |
| 51 | 51 |
| 137 | 688 |
| 51 | 51 |
| 162 | 123 |
| 89a | 117 |

ling, were all dead, and the design of the petition was to make the children of Mrs. Orten and the children and grandchildren of Mrs. Conway, grand and great-grandchildren of said Spradling, account for advancements which it was alleged their respective mothers had received in the lifetime of William Spradling.

*Reynolds & Relfe*, for plaintiffs in error.

*Clardy, Taylor & Robinson*, for plantiff in error, cited in argument Herman's Law of Estoppel, §§ 79, 86, 98 ; 1 Greenl. Ev., §§ 529, 530 ; Lawrence v. Hunt, 10 Wend. 80 ; Wood v. Jackson, 8 Wend. 10 ; W. Steam P. Co. v. Sickles, 24 How. 333 ; Loaker v. Davis, 47 Mo. 140.

*F. M. Carter* and *P. Pipkin*, for defendants in error.

A judgment is conclusive upon all points directly involved and necessarily determined. (2 Phill. Ev. 17, note 262 ; Offut v. John, 8 Mo. 123 ; Clemens v. Murphy, 40 Mo. 121 ; Bennett's Adm'r v. Russell's Adm'r, 39 Mo. 155 ; McDowell v. McDowell, 1 Bailey's Ch. 324 ; 2 U. S. Eq. Dig., 122 ; Martin *et al.* v. Barron, 37 Mo. 301 ; 2 Phill. Ev., see notes p. 91.)

The cause of action as to the distributees was entire. Consequently the estoppel of the judgment or decree in partition will extend to the whole case, and it cannot be shown that any part was withheld from the consideration of the court. (Hess v. Heble, 4 H. R. 246 ; 6 H. R. 57 ; Carmell v. Garregues, 5 Barr, 52 ; Embury v. Cornell, 3 Comst. 371 ; Fish v. Foley, 4 Hill, 54 ; Duffy v. Lytle, 5 Watts, 130 ; Fairington v. Payne, 15 Johns. 432.)

This rule admits of no exception, and cannot be relaxed even on the clearest proof that no evidence was given as to part of the demand in controversy (Miller v. Marice, 6 Hill 121 ; Ramsey v. Herndon, 1 McLean, 450), or that it was overruled by the jury in rendering their verdict. (Brockway v. Kenney, 2 Johns. 210.)

The court properly excluded the testimony of Mrs. Spradling. She was not competent under the statute, and what she heard Orten say after the death of Spradling, and after he ceased by the death of his wife to have any interest in the land deeded to

his wife by way of advancement, as stated in petition, was hearsay, and could not affect the children of Mrs. Orten. (Nelson v. Bush, 9 Dana, 104.)

The case of Looker v. Davis, 47 Mo. 140, is not in point for the plaintiff, and, if it were, it will be observed that that opinion was delivered with hesitancy. In this case the advancements were the cause of action, and as to whether Orten received them was a question of fact attempted to be proven by Orten's declarations. Such declarations certainly could not be proven after his death by a party to the suit.

ADAMS, Judge, delivered the opinion of the court.

This was a proceeding commenced in the Probate Court of St. Francois county for distribution of the estate of William Spradling among his distributees. It was alleged that certain of the distributees, being grandchildren of the deceased, had through their ancestors received advancements, and it was asked that these advancements should be accounted for as so much to be deducted from the shares of the parties who received them. The alleged advancements were disregarded by the Probate Court, and the plaintiffs appealed to the Circuit Court; the Circuit Court disregarded the advancements, and the plaintiffs have brought the case here by writ of error.

Upon the trial in the Circuit Court evidence was given conducing to show that the advancements had been made by the common ancestor of the parties, as alleged in the petition.

The defendant then procured the record of a judgment in partition for lands which had descended to the parties, and claimed that this judgment was a bar to any consideration of the supposed advancements in this case. In the suit referred to, the petition for partition mentions these advancements and asks that they may be allowed and deducted in the partition of the lands.

But the evidence adduced shows that the alleged advancements were not taken into consideration, and were not mentioned in the trial of the partition case. The court nevertheless held that the judgment in the partition case was an adjudication of the advancements, and that they would not be considered in this case. It is

a well-settled principle that when the merits of a controversy have once been fairly passed on by a court of competent jurisdiction, it is not open to inquiry between the same parties or privies in any other suit or proceeding, and such judgment must stand unless it was obtained by underhand or fraudulent contrivances. It is equally well settled that if the merits of the matter in dispute were not passed upon, the judgment is no bar to another action. (See Bell v. Hagland, 15 Mo. 360; Clemens v. Murphy, 40 Mo. 121; Wright v. Salsbury, 46 Mo. 26; Wells v. Moore, 49 Mo. 229, one of the cases cited.) When the record does not positively show what was passed on, parol evidence may be resorted to. In the case at bar the parol evidence showed that the advancements were not spoken of on the trial, and the judgment shows that they were not deducted. Whether there were any such advancements is a matter for the court to determine upon the evidence. But the court below did not take into consideration, so far as we can see, the evidence that these advancements were not before the court in the partition case.

The widow of Spradling, deceased, was a competent witness to testify in the case. The deceased had no interest in this controversy. It was a matter of controversy between the distributees, and any of the parties to the suit were competent witnesses. (See Garvin's Adm'r v. Williams, decided March term, 1872.) A widow, though competent as a witness, cannot be allowed to testify as to confidential conversations from her husband. This sort of testimony is excluded on the ground of public policy. (See Moore v. Moore, *ante*, p. 88.)

The declarations of the husband of Mrs. Orten were not competent as against her children. They derived their estate from their mother, and not from their father, and he had no power to impress the interest thus inherited by his declarations.

Under this view of the case the judgment must be reversed and the cause remanded.

Judge Wagner concurs. Judge Bliss absent.