T. M. MURPHY ET AL., Respondents, v. G. W. CREATH, Appellant.

### St. Louis Court of Appeals, May 31, 1887.

1. RES JUDICATA—PRACTICE.—The dismissal of a cause is not a bar to a new action, unless it appears that the dismissal was made after an examination by the court of the merits of the cause, or was the result of a complete settlement, between the parties, of the matters in controversy.

2. EVIDENCE—DEPOSITIONS—PRACTICE.—The discretion of the trial
court in admitting in evidence, without their having been first-
filed, depositions taken between the same parties in a former ac-
tion, will not be reviewed unless such admission has worked a
surprise to the other party, or the discretion of the court has been
manifestly abused to the prejudice of the complaining party.

3. ——— OBJECTIONS MUST BE SPECIFIC.—Unless objections to the
testimony are sufficiently explicit as to point out distinctly the
testimony objected to and the ground of objection, they will be
disregarded.

APPEAL from the St. Charles County Circuit Court,.
W. W. EDWARDS, Judge.

*Affirmed.*

WILLIAM CARTER and C. D. YANCEY, for the appel-
lant : The adjustment made by the parties of their con-
troversy amounted to a full and complete *retraxit* at
common law, which was uniformly held to be *res adju-
dicata;* the parties being personally present in court,
at the time of the adjustment of the controversy, en-
tered into the agreement themselves, and directed their
attorneys to carry it out, which was done. Wells *Res
Adjudicata,* 383 ; *Wohlford v. Compton,* 79 Va. 333 ;
2 Bouvier Law Dict., Title, *Retraxit,* 588. No reasona-
ble notice was given to the defendant by the plaintiffs
of their intention to read such depositions on the trial of
said cause, thus depriving him of all opportunity to ex-
amine said depositions, or to prepare to rebut the testi-
mony contained in them. *Samuel v. Withers,* 16 Mo.
540–41 ; *Cabanne v. Walker,* 31 Mo. 285–86 ; *Parsons
v. Parsons,* 45 Mo. 267 ; *Borders v. Barber,* 81 Mo.
643–44.

J. W. EMERSON, for the respondents : As there
was no hearing, no judgment on the merits, there was
no bar in this case. *Gray v. Dougherty,* 25 Cal. 266,
272, 273 ; *Johnson v. White,* 13 S. & M. 584 ; *Greely v.
Smith,* 3 M. & W. 236 ; *Louderbeck v. Collins,* 4 Ohio

(N. S.) 251. It is only when a point in issue is determined that the judgment is a bar. Greenl. Evid. sect. 529; *Hull v. Blake*, 13 Mass. 155. The dismissal by agreement had the same effect as if the plaintiff had been non-suited for failure to appear. *Horner v. Brown*, 16 Howard (U. S.) 354; *Knox v. Waldborough*, 5 Greenl. 185; *Wilbur v. Gilmore*, 21 Pick. 253; *Halderman v. United States*, 91 U. S. 584; *Walhmos v. Gray*, 73 Ill. 415; *Cromwell v. Sac*, 94 U. S. 351; *Taylor v. Larkin*, 12 Mo. 104; *Bell v. Hoagland*, 15 Mo. 363; *Wells v. Moore*, 49 Mo. 229; *Ridgley v. Stilwell*, 27 Mo. 128; *Offut v. John*, 8 Mo. 120; *Clemens v. Murphy*, 40 Mo. 121; *Wright v. Salisberry*, 46 Mo. 26; *Looker v. Davis*, 47 Mo. 140; *Spradling v. Conway*, 51 Mo. 53.

ROMBAUER J., delivered the opinion of the court.

This is an action upon an account for work and material, in which the plaintiffs recovered judgment for $456.55. The answer set up the following defences: (1). A general denial. (2) A statement that the improvements sued for were not made upon the defendant's request, but upon the request of the defendant's tenant, and formed no part of the realty between the defendant and his tenant. (3) Accord and satisfaction and former recovery.

The errors complained of by the defendant upon this appeal are: (1) That the court erred in its declarations of law concerning the effect of a certain judgment entry of dismissal, in a cause between the same parties, and involving the subject matter litigated in the present action. The defendant claims that such judgment entry operates by way of estoppel, as a former adjudication of the matters in controversy. (2) That the court erred in permitting the depositions of Watkins, Halfacre, and Randall to be read in evidence in this cause on behalf of the plaintiffs, such depositions not being competent evidence under any statutory provision, or under the stip-

ulation signed by the parties, under which the plaintiffs claimed their admissibility.    (3) That the court erred in its declaration of law touching the effect as evidence of two mechanic's lien suits, heretofore instituted by the same plaintiffs against the defendant and other parties. (4) That the court erred in admitting in evidence, against the defendant's objections, incompetent testimony, offered by the plaintiffs.    (5) That the court erred in its declarations of law touching the effect of other evidence offered by the plaintiffs.

The cause was tried by the court, sitting as a jury, and the main contention between the parties, outside of the effect of the judgment entry hereinafter mentioned, was whether the work, sued for by the plaintiffs, was done at the instance and request of the defendant, or at the instance and request of the defendant's lessee.

I.    A suit upon the same cause of action was originally instituted in the Wayne circuit court, and thence taken, by change of venue, to the circuit court of the city of St. Louis.    While pending in the latter court, the parties filed the following stipulation therein :

| " T. M. MURPHY *et al.* | In Circuit Court, |
| vs. | City St. Louis, |
| " GEO. W. CREATH. | February 23, 1886. |

"It is agreed by and between the parties in the above entitled cause, that the same be dismissed, and that each party shall pay all the costs by him incurred."

The judgment entered on it is in these words, omitting caption :

"On stipulation of parties this day filed, it is ordered by the court that this cause be dismissed, and that each party pay all costs by them incurred, and that execution issue therefor."

The defendant, in his answer, states that he has fully carried out all the conditions of this agreement, and pleads it both by way of accord and satisfaction, and by way of former recovery.

The defendant claims that the judgment entry is a bar to this action, being in the nature of a judgment by *retraxit*, or, at least, a judgment "dismissed agreed," which is recognized as a bar in Kentucky and Virginia, and, also, it would seem, in California. *Bank of Commonwealth v. Hopkins*, 2 Dana, 395; *Wohlford v. Compton*, 79 Va. 333; *Merritt v. Campbell*, 47 Cal. 542. It lacks some essential elements of a judgment by *retraxit* as that term is now understood. In *Coffman v. Brown* (7 Sm. & M.), it is said: "In a *retraxit*, the plaintiff voluntarily abandons his cause, and goes further, he admits that he has no cause of action. It is this admission upon the record, that he has no cause of action, which constitutes the bar, and operates as an estoppel to the party." So Mr. Wells, in his work on *Res Judicata,* p. 383, says: "The plea goes further than a mere non-suit, the plaintiff therein admits that he has no cause of action, and is held to his admission of record. And it is on this ground that, in Kentucky and Virginia, dismissing a suit agreed is usually regarded as a finality."

This rule, which treats dismissals by agreement as in the nature of a *retraxit*, has not met with favor in other states. In *Halderman v. United States* (91 U. S. 584), it is held that, "whatever may be the effect given by the courts of Kentucky to a judgment entry, 'dismissed agreed,' it is manifest that the words do not, of themselves, import an agreement to terminate the controversy, nor imply an intention to merge the cause of action in the judgment. Suits are often dismissed by the parties, and a general entry is made to that effect, without incorporating the agreement. It may settle nothing, or it may settle the entire dispute. If the latter, there must be a proper statement to render it available as a bar. But the general entry of a dismissal of a suit by agreement is evidence of an intention not to abandon the claim on which it is founded, but to preserve the right to bring a new suit thereon, if it becomes necessary."

The great weight of authority in the United States,. at the present day, unquestionably is, that a dismissal of a suit will not operate as a bar to a new action, unless it distinctly appears that the entry of dismissal was either made by the court, upon an examination of the merits, or that it was the result of a complete settlement between the parties, themselves, of the matters in controversy between them, and in either event such facts must be shown *aliunde* the record entry itself. *Cromwell v. County of Sac*, 94 U. S. 351 ; *Chase case*, 1 Bland Chy. 206 ; *Estep v. Larsh*, 21 Ind. 191 ; *Wadham v. Gay*, 73 Ill. 415, 435 ; *New England Bank v. Lewis*, 8 Pick. 118 ; 17 Serg. & R. 319, 326 ; *Taylor v. Larkin*, 12 Mo. 103 ; *Bell v. Hoagland*, 15 Mo. 363, 364 ; *Clemens v. Murphy*, 40 Mo. 121 ; *Wright v. Salisbury*, 46 Mo. 26 ; *Spradling v. Conway*, 51 Mo. 51, 54.

The record entry of dismissal in the former case, although accompanied with the further judgment as to costs, was not, of itself, a bar to this proceeding, and the court committed no error in giving the instructions asked by the plaintiffs, nor in refusing those asked by the defendant on that subject.

The testimony of the parties as to what transpired between them, immediately preceding the judgment entry of February 23, 1886, was conflicting. The defendant's testimony tended to show that the arrangement contemplated a complete and final settlement of the matters in controversy herein, and that he acted upon that understanding when he agreed to the payment of his share of the costs. The plaintiffs' testimony tended to show that they never contemplated an abandonment of their claim, that they were told that they could, and intended to, bring a new suit, whenever they pleased, unless the claim was settled outside of court, by compromise or otherwise. There was substantial testimony which would have required the court to submit the question to the jury, whether the agreement between the plaintiffs and the defendant, culminating in the entry of

dismissal, amounted to an accord and satisfaction. The defendant, however, asked no instruction on that hypothesis, but, as above stated, required the court to declare that the record entry, of itself, amounted to evidence of a former adjudication, which declaration the court, under the law as above stated, and the evidence hereinabove detailed, properly refused.

II. Upon the trial, the plaintiff's attorney requested that the court lay over the hearing of the cause until next day, as certain depositions had been taken in a suit pending between the same parties, heretofore, which, by stipulation, were to be read in evidence in this cause, and such depositions had not yet reached the place of trial. The defendant's counsel objected to the granting of the request, as the depositions, under a stipulation between the parties, were not admissible in evidence, unless filed in court the first day of the term, the day when the request was made being already the second day. The court, thereupon, overruled the plaintiffs' request, and proceeded with the trial of the cause. On the succeeding day, the depositions having arrived, the plaintiffs first read in evidence the following stipulation:

"It is agreed by the parties hereto, that either party may file, and read, in this cause, any depositions taken, and filed, in case No. 66,090, formerly pending in the circuit court of the city of St. Louis, between said ——— ; *provided*, however, that said depositions must be filed on, or before, the first day of the term of the court to which this case is sent by change of venue; said depositions to — read, subject to all exceptions for competency or irrelevancy interposed by either party, and subject to any and all objections that could have been made to the same on the trial of said former cause."

And thereupon offered to read in evidence, the depositions of Francis Watkins, George Halfacre, and Francis Randall, being the depositions referred to by the plaintiffs, on the previous day. Neither of these de-

positions had been filed on the first day of the term, as provided by stipulation; in fact, it appears that they were not filed, except immediately preceding their reading.

Each of said depositions, when offered in evidence, was objected to on the following grounds: (1) Because they had not been taken and filed in this cause, nor in cause number 66,090, in the St. Louis circuit court. (2) Because they had not been filed in this court pursuant to the stipulation on file and of record in this court, between the parties in relation to the reading of depositions; and (3) because the testimony was incompetent, irrelevant, and immaterial. The court overruled said several objections so severally made against the reading of each of said depositions, and permitted them to be read in evidence. To which action and rulings of the court the defendant excepted at the time.

The plaintiffs contend that the depositions could be used in this cause, without any stipulation, upon reasonable notice of their intended use, and that the defendant did not object to their being read on the ground of surprise; that the stipulation, signed five months before the trial, merely operated by way of notice of their intended use, and that that was the only object of such stipulation.

We are of opinion that technical and captious objections to the admission of this class of evidence deserve little favor. The stipulation offered in evidence, by the plaintiffs, was an agreement between the parties, as to the condition upon which the depositions became admissible, and each party had a right to rely upon that agreement, to the extent that it should not be violated to the prejudice of his substantial rights. It was held in *Cabanne v. Walker* (31 Mo. 274), that the rule which required depositions taken in another cause to be filed before they are read, is not an unyielding rule. When the evidence would operate as a surprise the rule should not be suspended, but otherwise it may be dispensed with.

If it were shown that the testimony contained in these depositions, operated as a surprise upon the defendant, or that the defendant, by reason of their not being on file the day preceding, had no fair opportunity to make objections to the irrelevant or incompetent testimony contained therein, we would incline to hold the parties to the letter of their stipulation. But no surprise is shown or claimed. It appears that the defendant's counsel attended the taking of these depositions, and at such taking made many detailed objections to questions and answers. Most of these objections were not renewed when the depositions were read, but as the objection, in one instance, at least, was distinctly renewed, and ruled upon, it would seem that the defendant had full opportunity to renew his objections, and obtain a ruling thereon, if he saw fit to do so. Under the circumstances the admission of the depositions was within the discretionary power of the court, and we are not prepared to say that such discretion was abused.

III. Upon the trial of the case the defendant offered in evidence the record of two mechanic's lien suits, which had heretofore been brought to recover the amounts claimed to be due for this work, one for $208.35, and the other for $208.65. The lien had been filed against two separate lots, and both claims alleged that the work had been done at the request of Triplett, the tenant, and of the defendant. The defendant thereupon asked an instruction on the hypothesis that the plaintiffs' admissions in such mechanic's lien claim, that no more work than work of the value of $208.35 was done upon the defendant's property, worked an estoppel against the plaintiff, which prevented him from claiming more than that amount in this proceeding. This instruction the court properly refused.

That the improvements were made on two lots, one owned by the defendant and the other by a third person, is conceded. As in a mechanic's lien suit, each lot is answerable only for the improvements put upon it, it

is evident that the plaintiffs could not enforce their entire claim against the defendant's lot alone, even though all the work was done at the defendant's request. Nor does the mere fact that Triplett, the tenant, may be responsible for the work, necessarily negative the inference that the defendant is also responsible, as the work may have been done at their joint request, in which event either party, under the statute, is severally liable.

IV.   That a great part of the testimony offered by both parties was incompetent, must be conceded, and if objections had been properly made to the admission of the testimony, and exceptions saved to the ruling of the court, the fact of the admission of such testimony for the plaintiffs would furnish ground for reversal, in a case where there is conflict in the testimony, as there is in the present case.

A court, sitting as a jury, must determine the case on legal evidence no less than a jury, because, in reviewing its finding, the appellate court is governed by the same rules as in reviewing the finding of a jury, and the appellant is entitled to have the record show, in case of a conflict of evidence, what evidence was, by the court, admitted for its own consideration, sitting as a jury.

But a careful examination of the record discloses two facts :  (1) It does not appear that the court was requested to pass, or did pass, upon any of these objections ; (2) nor does it appear whether the evidence offered by the plaintiffs, and objected to, was either admitted or excluded, except in one instance.

When the deposition of Alberta Triplett was offered in evidence, the defendant objected to its being read, because it had not been filed the day preceding, in compliance with the stipulation, and because "all that part of the deposition which relates to conversations with, and declarations by, T. M. Murphy, to Mrs. Triplett, without the presence and hearing of the defendant,

Creath, were incompetent," which objection the court overruled and the defendant excepted. This ruling is assigned for error.

Where counsel object to any portion of a deposition, on account of the incompetency of the testimony, the portion thus objected to must be distinctly pointed out, either by embodying it in the objection, or in some other manner which leaves no doubt as to the exact part objected to. A mere reference to the testimony, as relating to a certain subject, is too general. As the court might properly have disregarded the objection on this ground alone, without committing error, it is needless to decide the further point, whether the admission of merely cumulative evidence, even if erroneous, would, in any case, of itself, furnish grounds for reversal.

V. We have examined with care the instructions complained of, and without setting them out in full, will state that they are not subject to any just criticism.

The judgment is affirmed. Thompson, J., concurs; Lewis, P. J., is absent.