In the matter of the Receivership of DELAWARE CANDY COMPANY.

*New Castle, Feb. 28, 1913.*

A lessee as against his lessor is entitled to remove trade fixtures erected by the lessee, in the absence of a stipulation in the lease to the contrary, though there then be rent in arrear, subject to the landlord's right to distrain the same for the unpaid rent.

A provision in a lease that the tenant might remove fixtures provided he could do so without damage to the building, and provided that there was no rent in arrear, displaced the tenant's common-law right of removal, and, the fixtures having been removed by the tenant's receiver in insolvency and sold, the landlord, having made proper excuse for laches in his application, was entitled to a lien on the proceeds of the sale of the fixtures for the rent in arrear.

PETITION FOR THE PAYMENT OF RENT out of funds in the hands of a receiver. In July, 1909, the Delaware Candy Company leased a portion of a building belonging to Thomas N. Stayton at a yearly rental of nine hundred dollars, payable monthly, and placed therein a boiler and machinery for the manufacture of candy. On February 3, 1912, the lessor, under an option contained in the lease, terminated said lease for non-payment of rent, and on February 6, 1912, a receiver for the company was appointed on the ground of its insolvency. The lease also contained the following provision:

"It is further hereby expressly understood and agreed that on the termination of this lease, the said Delaware Candy Company is to have the privilege of removing any fixtures belonging to it, or put up by it, in said building, provided said fixtures may be removed without damage to said building; and provided further that there is no rent in arrear."

On October 18, 1912, the lessor filed a petition setting forth that at the time of the appointment of the receiver there was due $1,080 for rent in arrear; that all the fixtures had been sold by the receiver, by order of court, and removed from the building, except a boiler in the basement of the building; and that under the terms of the lease all rent in arrear should have been

paid in full before the removal of the fixtures. The petitioner also stated that he had mislaid, or lost, his copy of the lease and did not recall the above-quoted provision thereof until October 14, 1912, when the receiver produced a copy thereof at a hearing before the Chancellor concerning the right of removal of said fixtures.

The petition prayed that the receiver be instructed to pay the lessor the amount of rent due at the time of the appointment of the receiver. The receiver did not file an answer, but at the hearing admitted the facts alleged in the petition.

*Saulsbury & Morris* for the petitioner.
*Marvel, Marvel & Wolcott*, for the receiver.

THE CHANCELLOR: As between the lessor and lessee, the right of the lessee to remove trade fixtures erected by it was subject to the condition that there was no rent in arrear at the termination of the lease. In the absence of any agreement on the subject the tenant would have had a right to remove the trade fixtures, though the rent be then in arrear, subject to the right of the landlord to distrain the same for the unpaid rent. Here, however, there was a specific agreement giving a right to remove fixtures under a certain condition, viz. payment of rent in arrear, and the condition displaces the common-law right to the extent of requiring a fulfillment of the condition before the right of removal can be exercised. *Tiffany on Landlord & Tenant*, p. 1598, §243; *Mathinet v. Giddings*, 10 *Ohio* 365; *Clemens v. Murphy*, 40 *Mo*. 121; *Allen v. Gates*, 73 *Vt*. 222, 50 *Atl*. 1092; *Cubbins v. Ayers*, 4 *Lea* (72 *Tenn.*) 329; *Holbrook v. Chamberlin*, 116 *Mass*. 155.

Here, before the receiver was appointed, the lease was terminated, not by lapse of time, but by the lessor under a power in the lease for non-payment of rent then in arrear. Subsequently the receiver, by order of the court, sold all of the trade fixtures put in by the tenant. This was without objection on the part of the lessor. He has explained, however, that he did not act earlier because he had mislaid his copy of the lease and did not recall the terms thereof giving him the right he now

asserts respecting the proceeds of sale of the tenant's fixtures. This explanation seems satisfactory. It would be inequitable to deprive the lessor of any rights under the lease because of the receivership, or his apparent but not real *laches* in asserting his rights earlier. Assuming that the lessor was entitled to an order preventing the sale and removal of the fixtures by the receiver, which seems likely, then as he has explained his apparent *laches* in asserting his rights, the only relief which he now asks seems reasonable and equitable, viz. to give him a lien on the proceeds of sale by the receiver of the tenant's fixtures for the rent due the lessor. This will be done in the due course of administering the estate of the insolvent corporation.

Let an order be entered accordingly.