(478)                    WIGGINS *v.* RECTOR'S EX'R.

An endorsement of a bond, *in blank*, must be filled up at or before the trial, otherwise it is no evidence of an assignment.  (Note *a.*)

ERROR from St. Louis Circuit Court.

M'GIRK, C. J., delivered the opinion of the Court.

This was an action of debt, brought by Wiggins against the testator, on a bond given to one Snider.

The plaintiff, to entitle him to recover, set out in his declaration that Snider assigned and endorsed said bond to him.

One plea is, that Rector paid said bond to Snider, before he had notice of said assignment; this is found against the defendant.

Another plea is, that said Snider never assigned said bond to Wiggins; this is found for the plaintiff.

On the trial of the cause, the plaintiff proved that the endorsement in blank, on the back of said bond, was Snider's hand writing, but the blank endorsement was not filled up before nor at the trial, and this blank endorsement was the only evidence of the assignment.  On this evidence the defendant's counsel prayed the Court to instruct the jury, that the mere endorsement of Snider's name on the back of said bond, is not such an assignment as will enable the plaintiff to recover in this action; which instruction was refused, but the Court instructed the jury that such endorsement was *prima facie* evidence of an assignment, sufficient to enable the jury to find for the plaintiff, unless rebutted by evidence showing that Wiggins was not the proprietor of said bond.  This instruction is complained of as error.  Two questions arise out of this instruction, the first is, what is the effect of a blank endorsement on a specialty or bond?  In Massachusetts, as between endorser and endorsee, a note not negotiable, is treated exactly as if negotiable: Jones *v.* ▨▨▨, 4 *Mass. Rep.* 245.  The words of our statute are: that all bonds, &c., shall be assignable, &c., (479) and it shall and may be lawful for the person to whom said bonds, &c., are assigned, made over and endorsed, to commence suit in his own name, &c.

An assignment of a bond, is to tranfer the interest; and the inquiry is, how, or in what mode is this assignment to be made?  The statute gives leave to make the assignment, without directing the manner.  The common law, upon this subject, must direct the manner.  A bill of exchange, or promissory note, may by law be assigned by the party simply writing his name on the back thereof, for the purpose of letting any lawful holder fill it up to himself; not that the blank endorsement is the assignment, but it is the power given to the holder to fill it up.  We see no lawful objection against the plaintiff's right to have filled up this endorsement to himself, in the same way he might have done, if the endorsement had been made on a promissory note, or bill of exchange.

The next question is, was this blank endorsement *prima facie* evidence that an assignment had been made, so as to put the defendant on rebutting evidence?  The

Griffith *v.* Cottrell's adm'r.

law is, that a blank endorsement is not evidence of an endorsement in full, but that it is an authority to make an endorsement in full : *Chit. on Bills,* 148 ; and this is the law. Here, the plaintiff did not exercise that power which he might have done, at any time before the trial ; and at the trial, therefore, the blank endorsement was not evidence of an assignment, but only evidence of an authority to make one ; therefore the instruction was wrong.

The Court refused to instruct the jury, that unless it appears that Rector had notice of the endorsement, before the commencement of the action, the plaintiff cannot recover.

It does not appear whether the third instruction was refused or not ; we, therefore, suppose it was given. The Court did right in refusing the second instruction.

Let the judgment be reversed and sent back to the Circuit Court for a new trial.