# TAYLOR *vs.* LARKIN, ASSIGNEE OF BLOCK.

1. To constitute a former judgment a bar to a subsequent suit, it must appear to have been a decision upon the merits of the case :—a judgment of non-suit is not a decision of the merits, and is no bar to a second action for the same cause.
2. A blank endorsement of paper *not negotiable*, is a mere authority to the holder to fill it up, but until this is done, the legal title remains in the payee.
3. A justice of the peace before whom a cause was tried, is a competent witness to prove the grounds upon which the cause was determined.

## APPEAL FROM ST. GENEVIEVE CIRCUIT COURT.

Frissel for appellant.

To reverse the judgment of the court below, the plaintiff in error relies upon the following points :

That a judgment of a court having jurisdiction of the parties and the subject matter in controversy, is conclusive until reversed ; and that evidence to show that the trial was not upon the merits is not admissible. 1 Phillips on Ev. 321; Bernard & Flanders, 12 Ver. Rep. 657 ; 9 Mo. Rep. 792 ; Callahan vs. Griswold, 1 Greenleaf, 596 note ; Pike vs. Hill, 15 Vermont 183.

That if admitted in any case, the magistrate who rendered the judgment cannot be admitted to show a different state of facts from what his entries upon his docket shows.

That the court gave illegal instructions to the jury in behalf of the plaintiffs below, and refused to give proper and legal instructions asked for by the defendant.

Cole for appellee.

The plaintiff submits the following points :

1st. That at the time of the commencement of the actions before Hays, justice of the peace, on these notes, the legal interest therein was not in plaintiff, neither had he a subsisting cause of action in them until after the termination of said suits before the justice.

2d. In order to bar a recovery on the part of Thomas H. Larkin in this case, it was surely necessary to show on the trial before the justice on the part of defendant, that he, Larkin, had the legal interest in the notes in suit.

3d. Upon the trial the legal cause of action was in Morris Block.

4th. Larkin's subsequently acquired right to these notes cannot be prejudiced by the proceedings before the justice which could only affect him if he then had title ; but having none, he could be deprived of nothing.

5th. The interference by counsel to prevent the justice from filling up the blank endorsement on the trial, had an ugly squinting towards an attempt which might in the end deprive Larkin of a just debt.

6th. The defence, then. it is contended, presents no bar : indeed, if it was otherwise, the shadow would take the place of the substance.

7th. Hays' testimony is pertinent, and does not impugn the record, neither vary or contradict. He relates the incidents that transpired before the suits were brought, the point made by the counsel in defence, his desire to obtain a confession of judgment so as to save costs, and finally that the judgment was not upon the merits but a non-suit, and therefore he permitted the withdrawal of the cause of action.

8th. The technical strictness of a common law court cannot be exacted of justices of the peace, who are mostly illiterate, we must therefore look to their good intention, and mould and shape them so as to answer the great ends of justice.

9th. There were some instructions asked by defendant and refused by the court to which there was an exception ; but the principle I contend for renders them of no use, and the defendant could not be prejudiced by the refusal of the court to give them.

10th. I am aware of the rule that when the same subject matter has been fairly put in issue and once tried upon its merits, it cannot be again litigated. But this rule does not reach the case at bar. The case before the justice was not tried upon its merits ; the merits were not fairly put in issue. The plaintiff had neither title nor merits, Block had both, and was not a party to the suit. The style of the suit before the justice, was a mere clerical mistake committed by the justice himself.

Scott, judge, delivered the opinion of the court.

This was a suit by petition in debt on three promissory notes, executed by Taylor to Morris Block, and by him assigned to the plaintiff. The notes were not negotiable. The defence was the plea of a former judgment for the defendant. Verdict and judgment for pleintiff.

Morris Block assigned the notes sued on in blank, and placed them in the hands of a justice of the peace, who brought two suits on them in the name of Thomas H. Larkin, assignee of Morris Block. The transcript of the justice states that the parties appeared and entered into trial, and the jury rendered the following verdict : "We, the jury, find for the defendant." The transcript continues : "Therefore the court does now here consider and adjudge that the defendant do have and recover his costs and charges of and against said plaintiff in this behalf expended, and that he have execution thereof, and leave is given plaintiff to withdraw his action."

The plaintiff in the action was defeated not on the merits, but because the assignment was in blank.

The justice of the peace was examined, from whose testimony the foregoing facts are ascertained .

There is no doubt that the judgment of a court of concurrent jurisdiction, directly upon the point, is as a plea or bar ; or, as evidence conclusive, between the same parties, upon the same matter, directly in question in another court. But in order to constitute the former judgment a complete bar, it must appear to have been a decision on the merits ; and this will be sufficient, though the declaration were essentially defective, so that it would have been adjudged bad on demurrer. But if the trial went off on a technical defect, or because the debt was not due, or because the court had not jurisdiction, or because of a

temporary disability of the plaintiff to sue, or the like, the judgment will be no bar to a future action.

These principles will settle this controversy. The justice improperly commenced the suit in the name of Larkin. The legal title to the instruments sued on was in Block, and not in Larkin. The blank assignment was a mere authority in any one to whom the notes were passed to fill it up, but until that was done, the title was in Block. Whatever may be the effect of a blank endorsement of negotiable paper elsewhere, the foregoing is well established law in this State as to the assignment of paper not negotiable. Wiggins vs. Rectors Exr.; 1 Mo. Rep. 338, (478.) Menard vs. Wilkinson, 2 Mo. Rep. 67, (92.)

The case, then, is simply this, a person gets in possession a note of mine and brings suit on it when he has no right to maintain it, and is defeated for that reason; and afterwards acquiring a right to the note, institutes his action. In such case, on no principle of justice can the defence of a former judgment for the defendant, be sustained.

Taking the whole entry of the justice together, we think it may be construed into a judgment of non-suit, which is no bar to a second action for the same cause. Justices are not skilled in the law. Their proceedings should be viewed liberally. The act, though informal, clearly shows it was intended as the entry of a non-suit. To require formal judgments from justices of the peace, would lead to a great perversion of law and justice.

There was no error in permitting the justice to testify. His evidence was admissible to show the grounds on which the cause was determined. New England Bank *vs.* Lewis, *et al* 8 Pick. If the testimony of the justice was out of the cause, all ground on which the defendant could stand, would be removed as it does not otherwise appear that there was a blank assignment on the notes on which the suits were instituted.

The other judges concurring, the judgment will be affirmed.