LOUISE NETTLETON, Appellant, v. ANDREW JACKSON, Respondent.

St. Louis Court of Appeals, March 27, 1888.

1. REPLEVIN—POSSESSION AGAINST OWNER WITHOUT A LIEN. Where it appears that the defendant is in possession of the plaintiff's property for the purpose of doing work upon it, but neither has nor claims any lien thereon, it is error to instruct that the defendant was justified in refusing to deliver the property on plaintiff's demand, if the plaintiff had failed to pay for a part of the work, according to contract.

2. ——— DISTINCTION BETWEEN PROPERTY AND CONTRACT INTEREST. A party in replevin may recover against the general owner by virtue of a property right, but not because of an interest in a contract touching the goods in controversy.

APPEAL from the St. Louis Circuit Court, HON. DANIEL DILLON, Judge.

*Reversed.*

CHRISTIAN & WIND, for the appellant: A lien at common law is defined to be a mere right in one man to retain possession of personal property until certain demands of him, the person in possession, are satisfied. 21 Am. Law Reg. 151 ; 3 Parsons on Contracts [7 Ed.] chap. 9, sec. 1 ; Phillips on Mechanics' Liens, sec. 473. Jackson was merely the servant of Mrs. Nettleton for the particular purpose of taking up, beating, and then carrying to her new home and re-laying her carpets, all under her direction and control for the particular time. Hence, he was her servant or employe. Wood on Master and Servant, sec. 1. Therefore, Jackson could not rightfully set up any independent possession and right of control, and could, therefore, have no lien. 3 Parsons on Contracts, 258 ; 21 Am. Law Reg. 153. The services performed and to be performed were not such as to give rise to a lien. Phillips on Mechanics' Liens, sec. 473 ; *Jackson v. Cummins*, 5 Mees. & W. 349 ; *Steinman v. Wilkins*, 7 W. & S. 466. To entitle one to a lien the services for which a lien is claimed must be fully performed. 21 Am. Law Reg. 152 ; Phillips on Mechanics' Liens, sec. 498. At best, defendant could only claim a lien for the reasonable value of the work done, and there was no evidence as to what that was. *Lilley v. Barnsley*, C. & K. 344. A common-law lien is a mere right to retain possession until an existing debt due the mechanic by the owner has been paid. Phillips on Mechanics' Liens, secs. 473, 493, 499 ; 3 Parsons on Contracts, chap. 9, p. 258 ; *Dunham v. Pettee*, 1 Daly (N. Y.) 112 ; *Tucker v. Taylor*, 53 Ind. 93 ; Phillips on Mechanics' Liens, sec. 499 ; 3 Parsons on Contracts, 263, 264. Nor if other security is taken. 3 Parsons on Contracts, 262 ; *Davis v. Bowsher*, 5 D. & E. 488 ; 2 Am. Law Reg. 212.

H. M. WILCOX and GEORGE E. SMITH, for the

respondent: The first instruction given for defendant is correct. The jury found that the agreement of the parties was made as therein stated. Jackson was rightfully in possession of the property, to do the work, and the plaintiff had no right to the possession when the property was taken. The right of possession is determined by the contract, as found by the jury, and was in the defendant when the suit was commenced.

ROMBAUER, P. J., delivered the opinion of the court.

This action appears to have been tried in the court below on a misconception of the rights of the parties in an action of replevin. The material facts of the case are the following: The plaintiff was the owner of certain carpets laid on the floor. She hired the defendant to take them up, clean them, and re-lay them, which, so far as the evidence shows, is merely menial labor; and agreed to pay him, as compensation for the entire work, ten dollars, as the plaintiff claims, upon full performance of the work.

When the work was partly performed the defendant refused to proceed with it unless he was paid five dollars, claiming that he was entitled to this by the terms of the contract.

The plaintiff thereupon sent the defendant to a friend who was to pay him the money he claimed, but as the defendant did not return the same day, she got anxious about her property, still in his possession, and took the residue of her carpets from the defendant by writ of replevin, which gave rise to the present action.

It is not claimed that the defendant had a lien upon the carpets either at common law or by contract; nor did he assert such a lien upon the trial either upon claim or instructions. As he had no lien and asserted none the question of lien may be laid out of view. Overton on Liens, sec. 44.

It thus appears that the defendant had neither a general nor special property in the goods replevied, yet the court instructed the jury upon his request that if they found the plaintiff had agreed to pay him one-half of the contract price when the work was half done, and the other half when the work was completed, and refused to do so, the defendant was justified in his refusal to deliver the carpets, and the jury must find for the defendant to the extent of his interest in the property. The jury found accordingly.

This instruction was erroneous in any view of the facts. Even if the defendant was lawfully in possession of the carpets while in the performance of an uncompleted contract with the plaintiff, he could not, in the absence of a right of lien, withhold them from her after their surrender was demanded. The institution of the suit was a sufficient demand. Rev. Stat., sec. 1018. Had the defendant disclaimed any interest in the property when sued, he would have put the costs of the suit upon the plaintiff, but in the absence of any general or special property in the goods he had no right to retain them from the true owner after demand.

The court as well as counsel for defendant seem to have confounded an interest in the contract touching the goods with property in the goods. These two interests are essentially different; it is the latter only which will entitle a party in replevin to a judgment against the general owner, even under the equitable construction of our statute by the courts. *Dilworth v. McKelvey*, 30 Mo. 149 ; *Boutell v. Warne*, 62 Mo. 353.

It results that the judgment must be reversed. As the plaintiff is in possession of the property, and the conceded facts show that the defendant can have no relief in this action, it is useless to remand the cause.

All the judges concurring, the judgment is reversed.