J. W. Sconce *et al.*, Respondents, v. The Long Bell Lumber Company, Appellant.

St. Louis Court of Appeals, June 20, 1893. ,

Res Adjudicata: EFFECT OF JUDGMENT IN ACTION OF REPLEVIN. The judgment in an action of replevin, adjudicating the ownership of the property and the right of possession, is conclusive against the claim of an artificer's lien on the property by the defeated party, and may accordingly be invoked as *res adjudicata* of that claim in a subsequent action of trover between the same parties.

*Appeal from the Howell Circuit Court.*—Hon. W. N. Evans, Judge.

Reversed (*Biggs, J., dissenting*).

*W. R. Cowley*, for appellant.

*Livingston & Green*, for respondents.

Bond, J.—This suit is for the conversion of certain sawed lumber. There was a judgment in favor of the plaintiffs for the value of the lumber, and an appeal therefrom.

The answer of the appellant was a general denial, and a special plea of *res judicata*, based on a judgment in its favor in an action of replevin for this lumber to which the respondents were parties. The evidence tended to prove that the respondents were employed to saw lumber for the McCaskill Mercantile Land and Lumber Co. under a contract providing for monthly payments; that the lumber was stacked up and billed out according to measurements by the respondents, or their agent, and was under their control or in their custody until so billed out; and that at the end of each month respondents had an accounting with their employers,

and, after being charged with supplies furnished, were paid the balance due them for sawing lumber. The evidence disclosed that about April 28, 1891, the respondents instituted an attachment suit against the McCaskill Mercantile Land and Lumber Co., and caused a levy thereunder to be made on the lumber sued for in this action. That attachment suit was based upon a claim made by the respondents for sawing lumber for the defendants therein. On February 27, 1892, said attachment suit was dismissed for want of prosecution.

On May 9, 1891, the appellant began an action of replevin against the sheriff and deputy sheriff of Oregon county for the property levied upon by them, and in their custody, under the writs of attachment issued in the aforesaid suit of the respondents. The writ of replevin was duly executed. During the progress of said replevin suit the respondents were made parties thereto, and, voluntarily entering their appearance, filed answer therein. On February 24, 1892, final judgment was rendered in this replevin suit in favor of the appellant, adjudging it to be the owner of the lumber replevied and entitled to its possession.

The errors assigned are: *First*. That the respondents, having taken the lumber sued for in the present action by attachment in a former action, are estopped from setting up a lien thereon for sawing the lumber. *Second*. That the issues in this case are concluded by the final judgment unappealed from, rendered between the same parties in the replevin suit for the same lumber.

In the view we take of this case, it is only necessary to consider the second assignment of error.

The transcript of the proceedings in the replevin suit shows that the respondents became parties defendant thereto, and that the court rendered the following judgment:

"And afterwards, to-wit, at the February term, 1892, of the Oregon county circuit court, the following entry of record was made in the above entitled cause:

"The Long Bell Lumber Co., incorporated, Plaintiff,

_v._

S. H. Jones, Sheriff; E. J. Bates, Deputy, and Sconce, Smith and Company, a firm composed of J. W. Sconce, D. S. Smith and D. M. Dunn, Defendants. } Replevin.

"Now, to-wit, on this twenty-fourth day of February, A. D. 1892, the same being the third day of the regular February term, A. D. 1892, of the Oregon county circuit court, this cause coming on for trial in its regular order, the plaintiff appeared by its attorneys, Braswell and Brooks and W. R. Cowley; the defendants appeared by their attorneys, Smith, Livingston, Green and Norman, and thereupon both parties announced ready for trial, and, a jury being waived, the cause was submitted to the court for trial and judgment.

"The court, after hearing evidence and arguments of counsel, doth find the issues herein joined in favor of the plaintiff and against the defendants; finding that, at the commencement of this action, the plaintiff was the owner of and entitled to the possession of the lumber described in the petition filed in this cause, and that the same was wrongfully detained from its possession by the defendants herein.

"It is therefore considered, ordered and adjudged, by the court that the plaintiff have and recover of and from the defendants the said lumber and property, together with its costs in this behalf expended and taxed at $———"

That judgment shows by express statement on its face that the issues as to *ownership and right of possession* were determined "after hearing evidence," and were adjudged against the present respondents, and in favor of the present appellant. *Murphy v. DeFiance*, 101 Mo. 151, 159.

Affirmative statements of the issues decided, contained in a judgment between the same parties, cannot be contradicted by parol evidence introduced in another suit wherein the judgment is offered in bar as *res judicata*. The only cases in which parol evidence may be introduced are where the record is not conclusive, either because it shows a number of issues on which the case might have been decided, or is silent as to the issues on which it was decided. *Armstrong v. City of St. Louis*, 69 Mo. 309, 310; *Case v. Gorton*, 33 Mo. App. 606, 609; *Hickerson v. City of Mexico*, 58 Mo. 61; *West v. Moser*, 49 Mo. App. 201.

The transcript shows that the present respondents had filed answer denying generally the allegations of the petition therein filed by appellant, which claim ownership and right of immediate possession of the goods replevied. Under these issues the respondents would have been entitled to a judgment for the possession of the lumber by virtue of their artificers' lien, if the evidence adduced had been sufficient to warrant the finding of such lien. *Young v. Glascock*, 79 Mo. 574; *Dilworth v. McKelvy*, 30 Mo. 149. The judgment could not have been rendered in favor of appellant and against respondents, except the trier of the facts found against their defence of lien, coupled with possession, for labor expended on the lumber. That such a defense, if sustained, would have entitled respondents to a judgment against the general owner is well settled. *Nettleton. v. Jackson*, 30 Mo. App. 135, 138; *Dickey v.*

*Heim,* 48 Mo. App. 114, 120; *Mo. Pac. R'y Co. v. Levy,* 17 Mo. App. 501, 508.

The present action is for the alleged conversion of the same lumber. The evidence adduced by the respondents, if it tends to establish any right in them to lumber in question, tends only to show such a special property right as belongs to an artificer in possession of property, which he has manufactured or upon which he has bestowed labor. The unquestioned law is that such a lien subsists only while the lienor retains possession of the property subject thereto, or has not voluntarily surrendered such possession. The right of possession is ordinarily the only question in actions of replevin. *Mo. Pac. R'y Co. v. Levy, supra,* l. c. 508.

That this issue was finally adjudicated is *apparent* from the transcript of the replevin suit and the *statement in the judgment entry therein.* That it was necessarily determined in that action, results from the purpose for which it was employed. The judgment therein was final and no appeal taken, and embraced the same property now sought to be recovered. We hold that judgment conclusive upon the parties to the present suit. *Ewald v. Waterhont,* 37 Mo. 602; *Beckner v. McLinn,* 107 Mo. 277, 288.

It results that the judgment of the trial court will be reversed. It is so ordered. Judge ROMBAUER concurs. Judge BIGGS dissents.