Baker v. Lane.

*Application for Prohibition.*

WRIT DENIED.

---

BAKER v. LANE *et al., Appellants.*

Division One, March 9, 1897.

**Dower:** RES ADJUDICATA. Suit for the assignment of dower and for damages for deforcement in lands owned and sold by plaintiff's husband. In a former suit against the executor alone judgment was for the defendant. This suit was against the executor and all the heirs and the tenant. *Held* that the former suit was not *res adjudicata.*

*Appeal from Jasper Circuit Court.*—HON. W. M. ROBINSON, Judge.

AFFIRMED.

*E. O. Brown* and *M. G. McGregor* for appellants.

(1) Executors or administrators are privies in law. 1 Freeman on Judgments [4 Ed.], secs. 162, 163.   (2) The respondent is estopped from litigating with the administrator with will annexed of Louisa C. Lane, that which she had formerly conclusively litigated with the executor, who was the predecessor of said administrator in the same estate.  *Stoutimore v. Clark*, 70 Mo. 478; 1 Freeman on Judgments [4 Ed.], sec. 163, p. 300; 21 Am. and Eng. Ency. of Law, p. 157, and note 5, and pp. 142, 143, and note.   (3) The judgment in favor of Phelps, executor in the former suit for dower of the respondent against said Phelps, binds the respondent, even if the court made a mistake of law, just as much as if the court had mistaken the facts, and conclusively binds the respondent in this action.  *Henry v. Woods*, 77 Mo. 280; *Mason v. Summers*, 24 Mo. App. 180; *Strong v. Phoenix Ins. Co.*, 62 Mo. 289; *Wood v. Ensel*, 63 Mo. 193.   (4) Appellant Hendrickson was the only party to sue, and there was no warrant for summoning the other appellants in the suit.  1 R. S. 1889, sec. 4560.  (5) The will of Louisa C. Lane invested the executor, Phelps, with full control of her real estate and power to sell the same, and the administrator with the will annexed had like power.  1 R. S. 1889, sec. 136; 1 Freeman on Judgments [4 Ed.], sec. 163.  (6) It was reversible error to render a personal judgment against appellants.   Damages are only to be awarded against the estate in which dower is assigned.  1 R. S. 1889, sec. 4556; *Rannels v. Washington University*, 96 Mo. 232.

*W. A. Turner* and *H. H. Harding* for respondent.

(1) The judgment in favor of Phelps as executor is no bar to this action for the reason that it was not

rendered upon the merits, but was based solely upon the fact of the want of proper and necessary parties defendant. "A verdict and judgment for the defendant, or an order dismissing the suit, rendered solely on the ground of misjoinder, non-joinder, or defect of parties, or because the plaintiff is not the proper party to sue, can have no greater effect than to terminate that particular action; it does not affect the merits and will not bar a subsequent suit on the same cause." 2 Black on Judgments [1891 Ed.], sec. 719; *St. Romes v. Levee Press Co.*, 127 U. S. 614; *Corl v. Riggs*, 12 Mo. 431; *Taylor v. Larkin*, 12 Mo. 103; *Bell v. Hoagland*, 15 Mo. 360; *Smith v. Auld*, 31 Kan. 262; *Tiffany v. Stewart*, 60 Iowa, 207; s. c., 14 N. W. Rep. 241; *City of Detroit v. Houghton*, 4 N. W. Rep. (Mich.) 287, and p. 171; *Vaughn v. O'Brien*, 57 Barb. 491; *Fleming v. Ins. Co.*, 12 Pa. St. 391; *Nickelson v. Ingram*, 24 Tex. 630; *Richardson v. Richards*, 36 Minn. 111; *Miller v. Langworthy*, 3 Greene (Iowa), 347; *Robbins v. Wells*, 1 Rob (N. Y.), 666; *Wheeler v. Ruckman*, 7 Rob (N. Y.), 447; *McCall v. Jones*, 72 Ala. 368; *Weinberger v. Mer. Ins. Co.*, 41 La. Ann. 31; *White v. Gaines*, 29 La. Ann. 769. (2) To constitute a judgment a bar to another suit on the same cause of action the merits must have been adjudicated in the former action. 2 Black on Judgments [1891 Ed.], sec. 693; 1 Freeman on Judgments [4 Ed.], sec. 260; *Corl v. Riggs*, 12 Mo. 431; *Taylor v. Larkin*, 12 Mo. 103; *Bell v. Hoagland*, 15 Mo. 360; *Wells v. Moore*, 49 Mo. 229; *Wright v. Salisbury*, 46 Mo. 26. (3) And to that end parol evidence is admissible to show that the merits were not passed upon in the former action. 2 Black on Judgments [1891 Ed.], secs. 624, 724; 1 Herman on Es. and Res., sec. 216; 21 Am. and Eng. Ency. of Law, p. 191. (4) On this question the courts of Missouri have gone to the extreme length.

*Hickerson v. Mexico*, 58 Mo. 61; *State v. Morton*, 18 Mo. 53; *Spradling v. Conway*, 51 Mo. 51; *Clemens v. Murphy*, 40 Mo. 121; *Ford v. Hennessy*, 70 Mo. 593; *Snorgrass v. Moore*, 30 Mo. App. 232; *Williams v. Dent. Iron Co.*, 30 Mo. App. 666; *Lightfoot v. Wilmot*, 23 Mo. App. 5; *West v. Moser*, 49 Mo. App. 205; *Sconce et al. v. Long Bell Lumber Co.*, 54 Mo. App. 509. (5) Upon the death of Louisa C. Lane, the ownership of her real estate became vested at once in her heirs at law; the executor, Phelps, under the will taking a simple power to sell, which, until exercised by him, left the title to the real estate in the heirs at law. *Eneberg v. Carter*, 98 Mo. 647; *Compton v. McMahan*, 19 Mo. App. 494; *In re Final Settlement of Rickenbaugh*, 42 Mo. App. 328. (6) The heirs of Louisa C. Lane, thus becoming the owners of her real estate upon her death, were proper and necessary parties defendant in the former action in order to insure a complete and final determination of the question therein involved, and were then and are now the real parties in interest and necessary parties defendant in this action. 1 R. S., secs. 4536, 4538, 4546, 4549 to 4553, and 4561; *Bartero v. Real Estate Savings Bank*, 10 Mo. App. 76. (7) At common law a writ of dower *unde nihil habat* lies against the tenant of the freehold; and respondent is unable to find any Missouri statute which contravenes this doctrine. *Hurd v. Grant*, 3 Wend. 340; *Otis v. Warren*, 16 Mass. 53. (8) In addition to the foregoing reasons why the judgment of the lower court should be affirmed, counsel for respondent respectfully urge the further one, that in law the dowress is highly favored, and that courts do not hesitate to suspend the rigor of rules of law applicable to ordinary cases, when the dower of the widow hangs in the balance. This has especially been the policy of the courts of Missouri. *Martien v. Norris*, 91 Mo. 465;

*Crenshaw v. Creek*, 52 Mo. 101; *Thompson v. Renoe*, 12 Mo. 157; *Blevins v. Smith*, 104 Mo. 588.

BRACE, J.—This is an action for the assignment of dower and damages for deforcement thereof. The plaintiff's husband, William H. Baker, deceased, in his lifetime, and during her coverture with him, was the owner of the land in controversy, in which the plaintiff had dower, which she never relinquished. The defendants are the administrator *de bonis non* with the will annexed of Louisa C. Lane, deceased, his tenant in possession of the premises, and the heirs and legatees of the said Louisa C. Lane, deceased, who acquired title thereto by *mesne* conveyances from the said William H. Baker, who died on the first of June, in the year 1886.

At the September term, 1886, of the Jasper circuit court thereafter, the plaintiff instituted suit against the said Louisa C. Lane (who was then in possession of the premises claiming title under said conveyances) for assignment of her dower therein and for damages. Afterward in December, 1887, and while that suit was pending, the said Louisa C. Lane died, having first made her last will and testament in which, after making various specific bequests and setting aside $4,000 for the care of her pet dogs "Tom" and "Rover" so long as they shall live, she appointed William H. Phelps, Esq., the executor thereof with power "to sell and convey my real estate without the order or the authority of the probate court or other court, and also to carry out the directions of this will without order or direction of any court; and should there be any estate left after paying the expenses of executing this will, and the payments of my debts, I direct that my executor distribute such sum to any such legatee herein named as to him shall seem best and proper, having due regard to my

wishes expressed to him at the time of execution hereof.''

Her will was duly admitted to probate.    Mr. Phelps qualified as executor.    The suit was revived against him as such executor, and proceeded to final judgment in his favor on the seventh of October, 1889. Afterward, on the sixteenth of September, 1891, the said Phelps resigned as executor, and on the third day of November next thereafter the defendant Ulysses Hendrixson was appointed administrator *de bonis non* with the will annexed, and at the September term, 1893, of the Jasper circuit court the present suit was commenced, the answers in which contained a general denial, a plea of *res adjudicata*, and a plea setting up valuable improvements made by the said decedent and her executor and administrator, and praying that the increased value of the land by reason of such improvement be considered in the assignment of plaintiff's dower.

The case was tried by the circuit court without a jury, judgment rendered assigning and setting off by metes and bounds about thirty acres of the land to the plaintiff as her dower therein, and for $450 for her damages, and for costs, from which defendants appealed.

The circuit court declared the law of the case in the form of instructions, from which it appears that the court held that the plaintiff's action was not barred against any of the defendants by the judgment in favor of the executor in the former suit.    Counsel for defendants contend that in this the court committed error, and this is the only ground urged for reversal except a formal error which has been corrected *nunc pro tunc* since the appeal, and the error waived.

The judgment in the former suit was based upon a general finding of the issues for the defendant executor.

Upon the trial the plaintiff introduced, from the files, the instructions given in that case, from which it clearly appears that the court then held that the plaintiff could not recover because the executor [the sole defendant therein], was not the proper party to be sued. Judge McGregor of counsel for defendants was also introduced as a witness by the plaintiff, who testified as follows: "My recollection is that I held that the plaintiff could not recover because of the fact that she had not sued the right party. She had sued the executor Phelps; and the heirs and legatees, under the will, did not seem to be brought in." While objections were made to the admission of this parol evidence below, they are not urged and need not be discussed here, since the instructions are themselves clear on this point, and this evidence may be regarded as superfluous and unprejudicial. It thus appearing to the court below by the instructions in the former case, that the merits of plaintiff's claim to dower in the premises were not adjudicated in that case. The court was clearly right in holding that the judgment therein was no bar to this action. *Taylor v. Larkin*, 12 Mo. 103; *Spradling v. Conway*, 51 Mo. 51; *Hickerson v. City of Mexico*, 58 Mo. 61; *St. Joseph v. Union Railway Co.*, 116 Mo. 636; *Short v. Taylor*, *ante*, p. 517; 2 Black on Judgments, secs. 693, 719; 1 Freeman on Judgments, secs. 260, 266.

Such being the case, it becomes unnecessary to consider the several other reasons urged by counsel for respondent in support of the judgment of the circuit court, which is affirmed.

All concur except ROBINSON, J., not sitting.