DENNIS BURNS, Respondent, v. WILLIAM M. MARSH, Appellant.

Springfield Court of Appeals, May 2, 1910.

1. **RES ADJUDICATA: Justices' Courts: Plea in Abatement.** In a suit on a note before a justice of the peace, the verdict of the jury and record of the justice showed that the jury had decided the case on the theory that plaintiff was not the proper party to sue. Plaintiff did not appeal from this finding but dismissed in the justice's court and filed a new suit. In the second suit, defendant pleaded *res adjudicata*. *Held*, that it was competent for plaintiff to show what transpired at the first suit, and what defense was really made by defendant at the time, so as to show that the case had never been decided on its merits. *Held, further,* that the finding of the trial court that the plea of *res adjudicata* had not been sustained was proper.

2. ———: ———: ———: **Evidence of Defense.** In trials before a justice of the peace, no formal pleadings are required, and the

only way it can be learned after the trial what defense was made to the action, in case no formal pleading is filed, is by the introduction of oral testimony to establish that fact.

3. **JUSTICES' COURTS: Nonsuit: Instructions.** In proceedings before a justice of the peace, there is no provision for an involuntary nonsuit, neither are any instructions given to the jury, but the jury are themselves the judges of both the law and the facts, so that if a person is forcibly nonsuited before a justice of the peace, it must be done by a verdict of the jury.

4. **CIRCUIT COURTS: Res Adjudicata: Evidence to Show What Questions Were Adjudicated.** On trials in the circuit court where the judgment may be in regular form for the defendant, it is competent to introduce the instructions of the court to the jury to ascertain what questions were submitted to the jury, with a view of determining what questions were adjudicated in the case.

5. **PRACTICE: Res Adjudicata: Nonsuit: No Bar to New Action.** Where plaintiff takes a nonsuit, either voluntary or involuntary, by reason of an adverse ruling of the court, in neither case is it a bar to a new action.

Appeal from McDonald Circuit Court.—*Hon. F. C. Johnston,* Judge.

AFFIRMED.

*A. D. Bennett* and *John T. Sturgis* for appellant.

(1) A justice of the peace has no power to vacate a judgment unless the same be a judgment by default or nonsuit. Langford v. Doniphan, 61 Mo. App. 288; Carson v. Tate, 8 Mo. 45; Leith v. Shingleton, 42 Mo. App. 449; Weeks v. Etter, 81 Mo. 375; St. Joseph v. Hamilton, 43 Mo. 45. (2) Although the judgment of a justice is erroneous or reversible, still if he had jurisdiction over the subject-matter and the parties, an appeal to a competent court is the proper and only remedy. Holzhauer v. Meer, 59 Mo. 434; Gerhardt v. Brady, 72 Mo. App. 138. (3) It is familiar law that when a matter at issue is once tried in a court having jurisdiction and a judgment entered, such judgment

finally concludes the parties as to such matter, and cannot again be litigated in any court or in any manner. Springfield v. Plummer, 89 Mo. App. 515; State ex rel. v. Branch, 134 Mo. 592; Young v. Bird, 124 Mo. 590; Nave v. Adams, 107 Mo. 414; Yates v. Johnson, 87 Mo. 213; Forder v. Davis, 38 Mo. 108; 23 Cyc., 1215; Murphy v. De Frame, 101 Mo. 151. (4) The judgments of justices of the peace and other statutory courts having jurisdiction of the subject-matter and the parties are binding, and unless appealed from become *res adjudicata* the same as judgments of courts of general jurisdiction. Jones v. Silver, 97 Mo. App. 240; Piel v. Finck, 19 Mo. App. 338; Rowden v. Brown, 91 Mo. 429; McClanahan v. West, 100 Mo. 309; Jeffries v. Wright, 51 Mo. 215.

O. L. Cravens for respondent.

(1) The jury, at the solicitation of the defendant, were only trying to nonsuit plaintiff. Such seems to us to have been, in law, the only effect of their verdict. A nonsuit or dismissal, whether voluntary or involuntary, does not constitute an adjudication in the sense that the plaintiff cannot renew the action without prejudice. Lee v. Kaiser, 80 Mo. 431; State ex rel. v. Brooke, 29 Mo. App. 286; Wiethaupt v. St. Louis, 158 Mo. 655; Baker v. Lane, 137 Mo. 683; Murphy v. Creath, 26 Mo. App. 581; Friesz v. Fallon, 24 Mo. App. 443; National Water Co. v. School Dist., 23 Mo. App. 227. (2) It was decided at the earliest day in this State that, in order to be a bar, a judgment must be on the merits. McKnight v. Taylor, 1 Mo. 282; Garrett v. Greenwell, 92 Mo. 120. (3) And if the case has been decided without an examination into the merits, the judgment constitutes no bar to a subsequent investigation of the same matters. Block v. Dorman, 51 Mo. 31; Snodgrass v. Moore, 30 Mo. App. 232; Flesh v. Christopher, 11 Mo. App. 483; Mauma v. Standte, 36 Mo. App. 695. (4)

The merits of the controversy not having been reached in the consideration of the case there is no adjudication.. Ellington v. Crockett, 13 Mo. 72; Bell v. Hoagland, 15 Mo. 360; Taylor v. Larkin, 12 Mo. 103; Winham v. Kline, 77 Mo. App. 36; Cunningham v. Cleveland, 98 Fed. 657; Shanklin v. Francis, 67 Mo. App. 457; Cobb v. Fogg, 44 N. E. (Mass.) 534.

COX, J.—This action originated before a justice of the peace in which plaintiff brought suit against defendant upon a non-negotiable note executed by defendant to one Joseph Woolfenbarger on which plaintiff recovered judgment; defendant appealed to the circuit court, where, upon trial, *de novo,* the plaintiff again prevailed, and defendant has appealed to this court. His defense in the circuit court was a plea of former adjudication. To sustain this plea, evidence was introduced of a former trial before a justice of the peace in which the jury returned the following verdict, and the justice entered thereon judgment and orders as follows:

*"Verdict.*

"Dennis Burns, Plaintiff, v. William M. Burns, Defendant, ss.

"We, the jury, find that the note in controversy is not legally the property of Dennis Burns, the plaintiff, and further state that plaintiff is not a proper party to the suit.                    W. T. WILLIAMS, Foreman.

"It is therefore considered by the court that the plaintiff take nothing by his suit, and that the defendant go hence without day and recover of the plaintiff his costs in his defense expended.

"WILLIAM H. HENDERSON, J. P.

"On same day, to-wit, February 24, 1906, comes plaintiff and gives notice of appeal.

"March 5, 1906. And now comes the plaintiff, Dennis Burns, and says he will not perfect the appeal, but asks that the suit be dismissed for the reason that the verdict is faulty in construction for the reason that Wm. M. Burns was not the defendant and that it does not pass on the validity of the claim; plaintiff having paid all costs, it is therefore adjudged by me that the above entitled cause be dismissed without prejudice.

"W. H. HENDERSON, J. P."

The plaintiff then, for the purpose of explaining this verdict and judgment, was permitted to show by the justice of the peace that in this trial before the justice it appeared at the time of the trial that the note in suit had been endorsed in blank by the payee, Woolfenbarger; that after the jury was empanelled, and before the evidence was heard, the plaintiff, Burns, wrote above the signature of Woolfenbarger an endorsement of the note to him; that defendant's counsel, on discovering this fact, strenuously objected to it, and charged in the presence of the jury that a fraud was being perpetrated. Plaintiff offered this testimony with a view of showing that the jury did not pass upon the merits of the controversy, but were led to believe that plaintiff was not the legal owner of the note at the time he brought his suit, and for that reason he could not recover.

The plaintiff did not appeal from this judgment, but afterwards again filed the same note and brought a new suit before the same justice which finally went to judgment, was appealed to the circuit court, judgment there for plaintiff, and appealed to this court.

The only question to be determined is whether or not the proceedings before the justice in the first trial are a bar to this action.

It is conceded that to sustain the plea of *res judicata* the case must have been disposed of upon its merits. There is no dispute as to the legal proposition

involved here, and the only question arises in determining what is a disposition of the case upon its merits. It is familiar law that a suit brought, and in which plaintiff takes a nonsuit, either voluntarily, or involuntarily by reason of an adverse ruling of the court, in neither case is it a bar to a new action. It will be observed that in proceedings before a justice of the peace there is no provision for an involuntary nonsuit; neither are any instructions given to the jury, but the jury are themselves the judges of both the law and the facts, so that if a party is forcibly nonsuited before a justice of the peace it must be done by the verdict of the jury.

Further, in trials before a justice of the peace, no formal pleadings are required, and the only way it can be learned after the trial what defense was made to the action, in case no formal pleading is filed, is by the introduction of oral testimony to establish that fact, and although the verdict of the jury may be in the regular form and the issues found for the defendant, yet this might be done upon the plea that the plaintiff was not the proper party to sue, or some other question which did not touch the merits of the controversy at all. In the case at bar, however, the verdict of the jury itself indicates that the jury did not pass upon the merits of the case, but decided it upon the theory that the plaintiff was not the proper party to sue, and in aid of plaintiff's contention that the jury did not pass upon the merits of the action which was as to whether or not the defendant owed the debt, it was competent for plaintiff to show what transpired at the trial and what defense was really made by the defendants at that time. [Taylor v. Larkin, 12 Mo. 103; Sconce v. The Long Bell Lumber Co., 54 Mo. App. 509, l. c. 512.]

Even upon trials in the circuit court where the judgment may be in regular form for the defendant it is competent to introduce the instructions of the court

to the jury to ascertain what questions were submitted to the jury with a view of determining what questions were adjudicated in the case. [Baker .v. Lane, 137 Mo. 682, 39 S. W. 450.]

Our conclusion is that there was substantial evidence to support the finding of the trial judge that the plea of *res judicata* had not been sustained by the defendant, and that his action in rendering judgment for the plaintiff was right and should be upheld. The judgment will be affirmed. All concur.