## IRVINE *v.* PALMER.

### (*Jackson.* May 5, 1892.)

RETAINER. *Of legatee's debt to the estate out of his legacy.*

An executor has the right, and it is his duty, to retain out of a legacy any amount due from the legatee to the testator's estate. The legatee's indebtedness to the estate constitutes an equitable lien upon the legacy, that cannot be defeated or supplanted by his creditors.

Cases cited and distinguished: Towles *v.* Towles, 1 Head, 601; Mann *v.* Mann, 12 Heis., 246; Steele *v.* Frierson, 85 Tenn., 436.

---

### FROM GIBSON.

---

Appeal from Chancery Court of Gibson County. H. J. LIVINGSTON, Ch.

COOPER & HARWOOD for Irvine.

NEIL & DEASON, and R. P. RAINES for Palmer.

LEA, J. Complainant filed his bill in this case on January 3, 1887, against W. R. Palmer, Mrs. Jane James, and T. J. Warren, administrator of J. W. Hays. He charges that he had recovered, in 1883, a judgment for $1,631.73 and costs against

Defendant Palmer, and that said judgment was still unsatisfied, and execution had been returned *nulla bona;* that in December, 1886, J. W. Hays died testate; that his will had been duly proven, and that on January 1, 1887, Defendant T. J. Warren 'qualified as administrator of said Hays, with the will annexed; that by the terms of said will Defendant Palmer is made a legatee, and will perhaps receive enough money to pay the debt due complainant; that testator directs a sale of his real estate, and that the same be converted into money and divided between certain of his relations, one of whom is Defendant Palmer. He prays for injunction, etc., and that such decrees be rendered as will subject Palmer's interest in J. W. Hays' estate to the payment of his debt and costs.

Palmer answered, and, by written agreement, admitted his indebtedness to complainant, and agreeing that his interest in the estate was liable for its payment.

Warren, administrator, answered, admitting that Palmer was a residuary legatee under the will of J. W. Hays, but set up in his answer, as a defense to complainant's right of recovery, that at the time of the death of J. W. Hays, Defendant Palmer was indebted to him by account, and that subsequently, upon a settlement with Defendant Warren, he had executed his note to him, as administrator, for $454.72, and insists that said debt is a prior charge upon the legacy of said Palmer to the claim of complainant, and, if there is a

residue of the estate, that he has a right "to re-
tain the same or enough of the same to liquidate
and pay off said debt due the estate of J. W.
Hays, and his right to do this is in no way af-
fected by the attachment of complainant." There
is no issue or controversy as to facts; the only
issue is as to priority of payment. Complainant
insists that he is entitled to such priority under
the facts stated, having fixed a lien thereon; and
Defendant Warren insists he is first entitled to
retain enough of said legacy to pay what the leg-
atee owes the estate.

Upon this issue the Chancellor decreed that
Defendant Warren, administrator, has the right
and should retain out of said legacy of Palmer, a
sufficient amount to pay his note and interest be-
fore complainant can receive any thing on his
debt out of said legacy; that Defendant Warren,
administrator, has priority over complainant. From
this decree complainant has appealed. The decree
of the Chancellor is correct. The right of re-
tainer for a debt due the estate from a legatee is
an equitable doctrine which has received the sup-
port and sanction of Courts of Equity from the
earliest cases. The right to retain is grounded
upon the principle that it would be inequitable
that a legatee should be entitled to his legacy
while he retains in his possession a part of the
funds out of which his and other legacies are to
be paid. He should not receive any thing out of
such a fund without deducting therefrom the

amount of that fund which he has in his hands as a debt to the estate. An assignee of the legatee takes his legacy subject to the same equity which exists against it in his hands. This equitable principle and doctrine is approved by all the leading text-writers. In 2 Redfield on Wills, p. 581, it is stated : "There seems to be no question of the right and duty of the executor to set off any debt due the estate from a legatee against any legacy which he may be called on to pay. But this right of retainer does not extend to an indebtedness created after the decease of the testator, by the legatee giving security to the estate for the indebtedness of other parties. It has been held that the executor's right to retain upon debts due the estate, as against legatees, is prior to any right of a mortgagee of the legacy."

In 1 Pomeroy's Eq. Jur., Sec. 541, it is stated : "In fact, such a legacy produces no effect upon the indebtedness. The only effect such a legacy, given *simpliciter*, can have, is to create the right to an equitable set-off. The legatee might not be forced, by means of a legal action, to pay the debt to the executors when he could, in turn, recover back from them the same amount or a part thereof, by virtue of his legacy. A Court of Equity, in order to prevent this circuity of action, may permit the executors to set off the debt against the demand made on them for the legacy; and if the estate is solvent, so that the debtor will be entitled to receive payment of his legacy, the

Irvine v. Palmer.

Court may compel the executors to give him credit for the amount of his legacy, when they are seeking to enforce the claims of the estate upon him for the debt."

It is said in Williams on Executors: "Where a legatee is indebted to the testator, the executor may retain the legacy, either in part or full satisfaction of the debt, by way of set-off." 2 Williams on Ex., 1119. So, also, Adams' Equity, side-page 223.

But it is insisted for complainant that a contrary rule prevails in this state, and we are referred to the cases of *Towles* v. *Towles*, 1 Head, 601; *Mann* v. *Mann*, 12 Heis., 246; and *Steele* v. *Frierson*, 1 Pickle, 436, as sustaining complainant's contention. The case of *Towles* v. *Towles*, 1 Head, was the sale by an heir of his interest *in land*, and the administrator afterward sought to collect out of the land a debt due from the heir to the estate. The Court said if the sale was *bona fide* it would hold against the debt of the estate. In *Mann* v. *Mann*, 12 Heis., it appeared that a son was indebted to his father's estate, and was insolvent. His interest in his father's estate was attached, upon his father's death, by some of the creditors for their debts. The administrator sought to have the indebtedness from the son to the estate of the father given priority over the attaching creditors. The Court held: "The son's indebtedness to his father's estate is not a lien on the son's share in the father's realty, which share is

therefore subject to a race of diligence between the personal representative of the father and the other creditors of the son." *Steele* v. *Frierson,* 1 Pickle, was where there was an assignment by a son, before his father's death, of his interest in his father's estate, his interest being real and personal. But whether there was involved in the controversy before the Court any personalty, does not very clearly appear. The cases referred to in the opinion as sustaining the position assumed, were cases involving realty alone. But be this as it may, the parties were content not to raise or present the question of retainer; nor was the same argued before or passed upon by the Court. The cases do not sustain the contention of the complainant. Neither of the cases was a contest between the legatee and an executor, but were cases of realty which, upon the father's death, descended directly to the heir, and a lien had to be fixed either by attachment or assignment. In this case, it is a legacy in the hands of the administrator *cum testamento annexo.*

The decree will be affirmed with costs.