HULL v. VAUGHN et al.—134 S. W. (2d), 206.

Middle Section. April 22, 1939.

Petition for Certiorari denied by Supreme Court, December 16, 1939.

H. B. McGinness, of Carthage, and Albert Williams, of Nashville, for appellant.

Ward R. Case, of Jamestown (E. D. White, of Livingston, of counsel), for appellees.

FAW, P. J. This suit was brought in the Chancery Court of Overton County by Cordell Hull against J. C. Vaughn, Joe W. Vaughn and H. R. Vaughn; but J. C. Vaughn and Joe W. Vaughn; are sued as executors of the will of Alvin P. Vaughn, deceased, and not individually. The complainant is a judgment-creditor of defendant H. R. Vaughn, in the sum of $1417, with interest from

May 11, 1936, and the purpose of this suit is to reach and subject to the satisfaction of complainant's said judgment the interest or estate of the defendant H. R. Vaughn as a legatee or distributee under the will of his father, Alvin P. Vaughn, who died on June 7, 1936, and whose will was duly probated in the County Court of Overton County, Tennessee, on June 15, 1936.

By the second item of his aforesaid will, the testator, Alvin P. Vaughn, devised and bequeathed all his estate (after the payment of his debts) to be equally divided among a number of named children, grandchildren, and a stepson, of the testator (the grandchildren to take the share of their deceased parents). Defendant H. R. Vaughn was one of the aforesaid named beneficiaries of his father's will.

By subsequent items of his will, the testator directed, authorized and empowered his executors to sell his real estate and divide the proceeds as directed in the second item, supra. It seems to be conceded on the record, and, we think, properly so, that the provisions of said will worked an equitable conversion of the testator's realty into personalty; so that the interest of each of the beneficiaries thereunder may be characterized as a general pecuniary legacy.

The testator nominated three of his sons, J. C. Vaughn, E. R. Vaughn and Joe W. Vaughn, as executors of his will, but E. R. Vaughn pre-deceased the testator. J. C. Vaughn and Joe W. Vaughn qualified as executors of said will at the time it was probated, and have since been actively engaged in the execution thereof, and, as such executors, they are defendants in this suit.

The defendant-executors have not completed the execution of their trust, as there is still real estate of substantial value unsold; but it appears, without controversy, that the executors have in their hands the sum of $1687.33 in cash which is distributable to the legacy of defendant H. R. Vaughn impounded by complainant Hull in this case, unless the executors are entitled to retain same as a partial payment on a note executed by defendant H. R. Vaughn for $3485.68, dated May 20, 1932, and payable to their testator, Alvin P. Vaughn, one day after its date, which note is held by the defendant-executors as a part of the assets of the estate of their testator.

The aforesaid note of defendant H. R. Vaughn to the testator was admitted in evidence by the Chancellor, over the objection of the complainant, and the Chancellor ruled that the executors have the right to retain the aforesaid legacy of defendant H. R. Vaughn and apply same on the aforesaid indebtedness of said H. R. Vaughn to the estate of their testator. The complainant excepted to these rulings of the Chancellor and prayed an appeal to this Court, which appeal was granted by the Chancellor and perfected by the complainant.

The appellant's assignments of error rest primarily upon the proposition that the defendant-executors are estopped by a former de-

cree in this cause (rendered by the Chancery Court on January 22, 1937, and affirmed by the Supreme Court on July 3, 1937) to assert the right of retainer with respect to any indebtedness that might be shown to be due from H. R. Vaughn to the estate of Alvin P. Vaughn, deceased.

■■ Unless an application of the doctrine of res judicata precludes the executors from asserting the right of retainer claimed by them in this case, the Chancellor's decree now under review must be affirmed; for generally an executor has the right, and it is his duty, to retain out of a legacy any amount due from the legatee to the testator's estate. Ordinarily the legatee's indebtedness to the estate constitutes an equitable lien upon the legacy that cannot be supplanted or defeated by his creditors. Irvine v. Palmer, 91 Tenn., 463, 19 S. W., 326, 30 Am. St. Rep., 893; Sizer's Pritchard on Wills (2 Ed.), sec. 755; 24 C. J., pages 487-489, sec. 1317; 11 R. C. L., page 245, section 276; Annotation, 1 A. L. R., at page 996 et seq.

The decision of this case rests upon undisputed facts, but involves the proper application of principles of law to these facts; and in this latter respect there is a sharp controversy between the able counsel for the parties in their oral arguments and elaborate briefs and written arguments.

An outline of the history of the case, with particular reference to certain salient features thereof, is necessary to an understanding of the questions arising on the present appeal.

The original bill was filed June 25, 1936—ten days after the probate of the will of Alvin P. Vaughn and the qualification of the defendant-executors—for the purpose before stated, and complainant alleged that he is entitled to have the entire interest or estate of defendant H. R. Vaughn in the property passing under the will of said Alvin P. Vaughn, subjected and applied to the satisfaction of his aforesaid judgment, and he prayed that the defendant-executors be enjoined and restrained from delivering or paying over to defendant H. R. Vaughn any property or funds to which the said H. R. Vaughn may be or become entitled under the will of his father, the said Alvin P. Vaughn, and that said executors be required to hold such property or funds subject to the orders and decrees of the court in this cause; that defendant H. R. Vaughn be enjoined and restrained from transferring or encumbering his interest or estate in the property, or proceeds thereof, passing to him under said will, pending a final decree in this cause; that a decree be entered subjecting the entire interest or estate of the defendant H. R. Vaughn in the property, or proceeds thereof, passing to him, or to which he is or may become entitled, under the will of said Alvin P. Vaughn, or such part thereof as may be required for the purpose, to the satisfaction of complainant's aforesaid judgment, and complainant prayed for general relief.

Pursuant to a fiat of the Chancellor, granted on preliminary application, temporary injunctions issued and were executed in accordance with the prayers of the bill.

Defendant H. R. Vaughn made no defense to complainant's bill, and a pro confesso was taken as to him.

The executors answered and admitted that Alvin P. Vaughn made his will, and that they were the executors thereof. They stated that they have no knowledge of the indebtedness and judgment claimed by complainant against defendant H. R. Vaughn, and that they can neither admit nor deny said debt and judgment.

Denials and allegations of the answer of the executors pertinent to the present controversy are found in the third, fourth and fifth paragraphs thereof, as follows:

3. "It is denied that the estate of Alvin P. Vaughn, deceased, owes the defendant, H. R. Vaughn, any amount either under will or otherwise, whether said Alvin P. Vaughn died testate or intestate."

4. "The said defendant H. R. Vaughn is not entitled to any interest in the estate of Alvin P. Vaughn, deceased, subject to levy, execution, or subject to be impounded for the payment of the alleged judgment."

5. "It is charged that the defendant, H. R. Vaughn, owed the estate of Alvin P. Vaughn far more than his interest would have been had he not owed said estate. The injunction can be effective only as an empty shell when the discharge is had at the end of this litigation."

The cause was heard by the Chancellor, and, on January 22, 1937, the decree was made and entered, which appellant Hull contends was a final adjudication that he is entitled to have the entire legacy of defendant H. R. Vaughn applied to the satisfaction of his said judgment against H. R. Vaughn, without diminution or abatement by reason of any claimed indebtedness of H. R. Vaughn to the estate of the testator, Alvin P. Vaughn, deceased. Said decree of January 22, 1937, is, in full, as follows:

"Be it remembered, that this cause came on to be heard before the Court on this the 22nd day of January, 1937, upon the bill, exhibits thereto, the pro confesso had and entered against the defendant H. R. Vaughn, the answer of the defendants J. C. Vaughn and Joe W. Vaughn, Executors of the estate of Alvin P. Vaughn, and the whole record in the cause, upon consideration of all which the Court finds, adjudges and decrees:

"That the exhibits annexed to and filed with complainant's bill, and marked as exhibits 1 to 5, inclusive, being duly certified copies of official records, constitute proof of their contents, and from which it appears:

"That complainant is a judgment creditor of the defendant H. R. Vaughn by virtue of an unsatisfied decree rendered in his favor

against said defendant H. R. Vaughn by the Chancery Court of Sumner County, Tennessee, on May 11, 1936, in the sum of One Thousand Four Hundred and Seventeen Dollars ($1,417.00), and costs of suit;

"That prior to the filing of the bill in this cause the complainant had caused a certified copy of his said judgment to be recorded in the Register's Office of Overton County, Tennessee; also that he had caused a certified memorandum or abstract of his said judgment to be recorded in the Register's Office of Overton County, Tennessee, and a like memorandum or abstract to be recorded in the Register's Office of Sumner County, Tennessee;

"Also, that prior to and within thirty days of the filing of the bill in this cause execution issued from the Chancery Court of Sumner County on the aforesaid judgment in his favor and that said execution was returned nulla bona;

"That on June 15th, 1936, a paper writing was admitted to probate in common form in the County Court of Overton County, Tennessee, as the last will and testament of Alvin P. Vaughn, father of the defendant H. R. Vaughn; that the defendants J. C. Vaughn and Joe W. Vaughn are the duly appointed, bonded, qualified and acting Executors of the Will of the said Alvin P. Vaughn; and that the defendant H. R. Vaughn is a legatee and/or devisee under said Will and is and will be entitled to share in the estate of the said Alvin P. Vaughn as provided by his said Will.

"And it is accordingly adjudged and decreed by the Court that the complainant is entitled to have the entire interest and/or estate of the defendant H. R. Vaughn in the property passing under the Will of said Alvin P. Vaughn subjected and applied to the payment and satisfaction of his aforesaid judgment, or so much thereof as may be required for this purpose, and the complainant is adjudged to have a lien on the entire interest and/or estate of the aforesaid H. R. Vaughn in the estate of the said Alvin P. Vaughn for the satisfaction and discharge of his said judgment; and to the end that the property or funds to which the defendant H. R. Vaughn is or may hereafter become entitled to from the estate of his father, the said Alvin P. Vaughn, may be preserved and available for application to the payment of complainants' aforesaid judgment, the temporary injunction heretofore granted in this cause prohibiting and restraining the defendant-executors of Alvin P. Vaughn from delivering or paying over to H. R. Vaughn, or to any one for him, any property or funds to which he is or may hereafter become entitled under the Will of Alvin P. Vaughn, and requiring them to hold all such property or funds subject to the orders and decrees of the Court herein, is hereby continued in force and made perpetual; and likewise; the temporary injunction heretofore granted herein prohibiting and restraining the defendant H. R. Vaughn from transferring or encumbering his in-

terest or estate, or any part thereof, passing to him, or to which he may be or become entitled under the Will of his father Alvin P. Vaughn, is hereby continued in force and made perpetual.

"It is further decreed that the defendants J. C. Vaughn and Joe W. Vaughn, Executors of Alvin P. Vaughn, be and they are required to disclose and report to this Court from time to time what property or funds are in their hands or custody as such Executors belonging to the defendant H. R. Vaughn, and to hold all such property or funds subject to the orders of the Court.

"It is further adjudged and decreed that the complianant have and recover of the defendants the cost of this cause, for which execution may issue; but such costs as the defendant Executors may be required to pay may be by them charged against the share of H. R. Vaughn in the estate of the said Alvin P. Vaughn.

"This cause is retained in Court for such further orders and decrees as to the Court may deem necessary or proper.

"To which action of the Court aforesaid and to all adverse rulings, actions and orders of the Court, the defendants excepted at the time and prayed an appeal to the next term of the Court of Appeals sitting at Nashville, Tenn., which said Appeal the Court is pleased to grant, and for satisfactory reasons appearing the defts, are allowed 30 days in which to perfect their said appeal by filing proper bond."

On January 30, 1937, the executors filed a petition for a rehearing in the Chancery Court, together with an affidavit for support thereof by the sole solicitor who had represented them at the hearing, but, on motion of the complainant, the petition to rehear was dismissed by the Chancellor, for the reason that it was not filed at the term of court at which the degree sought to be affected was rendered, and, therefore, could not be entertained or considered by the Court.

The executors perfected their appeal to this Court from the aforesaid decree at the January Term, 1937, but the cause was transferred by this Court to the Supreme Court, where it was thereafter heard, and the Chancellor's decree was affirmed, and the cause remanded to the Chancery Court, on July 3, 1937. The opinion of the Supreme Court, speaking through Mr. Justice DeHaven, is reported in 171 Tenn., 642, 107 S. W. (2d), 219, to which opinion we will make more specific reference later herein.

The decree of the Supreme Court, which in all things affirmed the Chancellor's decree (of January 22, 1937), and the procedendo from the Supreme Court, were duly filed in the Chancery Court of Overton County, and, on motion of complainant Hull, they were, on July 19, 1937, entered on the minutes of said Chancery Court, and the cause was then reinstated on the docket of that court. So far as appears, no further proceedings were had in the cause until January 8, 1938, when complainant Hull filed a "petition" in the Chancery Court, in which he restated, in detail, the aforestated plead-

ings and proceedings in the cause, and filed a certified copy of the aforesaid opinion of the Supreme Court as an exhibit to his petition.

The remainder of the said petition of complainant Hull so clearly states his theory of the case and the propositions upon which he is now relying for support of his assignments of error in this Court, that we quote excerpts therefrom as follows:

"Petitioner would further show that more than eighteen months have elapsed since the defendant executors qualified as such, and that said executors have converted into cash assets of the estate of Alvin P. Vaughn in an amount largely in excess of their necessary charges and disbursements, and of the debts and liabilities of said estate; and that said executors have heretofore, to-wit, on June 9, 1937, and on November 22, 1937, made partial settlements of their executors' accounts, certified copies of which settlements being filed together as exhibit 'A' hereto, but not to be copied by the C & M in issuing process, and which settlements show that cash distributions in the sum of $1,687.83 each have been made to the legatees under the will of the said Alvin P. Vaughn, exclusive of the defendant H. R. Vaughn, and that on the date of their last settlement aforesaid they had cash on hand in the amount of $3,349.59, with assets not yet reduced to cash of an estimate value of $11,714.56, said settlements thus showing that there is at this time in the hands of said executors available for distribution on the share of the said H. R. Vaughn, and due to be distributed, an amount more than sufficient to satisfy and discharge petitioner's aforesaid judgment and interest thereon, and petitioner charges that he is entitled to have paid into Court forthwith by the defendant executors the sum of $1,417.00, the original amount of his judgment aforesaid, with interest thereon from May 11, 1936, for application to and satisfaction of his said judgment.

"Notwithstanding the aforesaid final decree settling the facts and principles establishing and declaring the rights of the parties in this cause made and entered by this Court and affirmed by the Supreme Court, as aforesaid, with remand for its enforcement, the defendant excutors have failed and refused to perform said decree, but upon the other hand, as petitioner is informed, are still taking the position that they have the right to apply the amount passing under the will of Alvin P. Vaughn to his son H. R. Vaughn to an alleged indebtedness of the said H. R. Vaughn to the estate of Alvin P. Vaughn, with the result, as defendant executors claim that petitioner is entitled to receive nothing from the share of H. R. Vaughn in said estate.

"Petitioner charges that the defendant executors, having made, by averments in their answer, indebtedness of H. R. Vaughn to the estate of Alvin P. Vaughn an issue of fact in this cause, and on the trial having failed to make proof of such fact, as was incumbent on them to do, cannot now, as against petitioner and his rights herein,

after decree upon all the issue by the pleadings, raise or make the question of such indebtedness, or assert any right they previously might have had to apply or charge the legacy of H. R. Vaughn to any indebtedness that might have been or may be owing by him to the estate of Alvin P. Vaughn. . . ".

"The cause was heard and tried by this Court on January 22, 1937, upon the issue of facts thus made by the pleadings, to-wit: (1) Whether petitioner was a judgment creditor of the defendant H. R. Vaughn, as alleged in the bill; Whether the said H. R. Vaughn had any property subject to execution at law; Whether the said H. R. Vaughn was a beneficiary under the will of his father Alvin P. Vaughn and entitled to a share in his estate; and Whether the said H. R. Vaughn was indebted to the estate of the said Alvin P. Vaughn —and this Court found, adjudged and decreed that petitioner was such judgment creditor of the defendant H. R. Vaughn, that the said H. R. Vaughn had no property subject to execution at law, that the said H. R. Vaughn was a beneficiary under the will of the said Alvin P. Vaughn and entitled to a share in his estate, and that the said H. R. Vaughn was not indebted to the estate of the said Alvin P. Vaughn, and that petitioner had a lien on the share or interest of the share of H. R. Vaughn, in said estate and was entitled to have his entire interest therein, or a sufficient amount thereof, subjected and applied to the satisfaction of his said judgment.

"From the aforesaid decree of this Court the defendants executors prosecuted their appeal to the Supreme Court of Tennessee, assigned errors in that Court to the action of this Court in finding and decreeing adverse to them, as aforesaid, and at the December term 1936 of the Supreme Court the aforesaid decree of this Court was in all things affirmed and the cause remanded to this Court, for the enforcement of said decree, and is now pending in this Court for that purpose, and all of which appears of record in this cause and in this Court.

"Therefore, petitioner specially sets up and relies on said former judgments and decrees and adjudications in this cause in bar of any right or claim upon the part of the defendant executors to retain or withhold any part of the interest or share of the said H. R. Vaughn in the estate of the said Alvin P. Vaughn for application to any claimed indebtedness of the said H. R. Vaughn to the estate of the said Alvin P. Vaughn, in so far as such retainer or application would affect petitioner's adjudged right to be paid a sufficient amount from the share of the said H. R. Vaughn for the satisfaction of his entire judgment aforesaid against the said H. R. Vaughn.

"Conformable to Section 8336 of the Code, petitioner tenders herewith to J. C. Vaughn and Joe W. Vaughn, executors of the estate of Alvin P. Vaughn, a refunding bond.

"Premises seen, petitioner prays to be permitted to file this petition, and that copy and process issue and be served upon the defendants J. C. Vaughn and Joe W. Vaughn, executors of the estate of Alvin P. Vaughn, to the end that they make defense hereto, their answers on oath being waived.

"Upon the hearing, grant petitioner a decree against the said J. C. Vaughn and Joe W. Vaughn, as executors of the estate of the said Alvin P. Vaughn, for the sum of One Thousand Four Hundred Seventeen Dollars ($1,417.00), with interest thereon from May 11, 1936, and let said executors be ordered and required to pay into the hands of the C & M of this Court the said sum of $1,417.00, with interest thereon from May 11, 1936, out of the share of the defendant H. R. Vaughn in the estate of said Alvin P. Vaughn, for application to and satisfaction of petitioner's judgment against the said H. R. Vaughn rendered by the Chancery Court of Sumner County, Tennessee, on said date of May 11, 1936, in said sum of $1,417.00, and as appears of record in this cause.

"Petitioner prays for general relief."

The defendant-executors demurred to the petition of complainant Hull for the following causes:

1. "There is no equity on the face of the petition."

2. "For want of proper parties, the fund intended to be reached by the petition being a trust fund held by them as Executors, and the distributees, who would be affected by the decree sought, not being parties to the cause or made so by the petition."

3. "Because the decree of the Supreme Court of Tennessee in this cause, when read in connection with the opinion of said Court made Exhibit 'B' to the petition, shows that the decree rendered in this cause does nothing more than enjoin your Executors from passing over to H. R. Vaughn his net share in the estate of Alvin P. Vaughn and to hold the same subject to the orders of this Court in this case; and what the net interest of said H. R. Vaughn in said estate may be has not been determined in a summary manner."

And "not waiving their foregoing demurrer," the defendant-executors filed an answer to the complainant's petition, which answer sets forth their main contentions with respect to the issues now before this Court, and for that reason, we quote same as follows:

"They neither admit nor deny the allegations of the petition about what has heretofore transpired in this cause, the same being matter of record, and they will rely upon the record and their own interpretation thereof; but they show to the Court that the opinion of the Supreme Court in this cause contains the following statement:

" 'Under the third assignment of error it is contended that the decree appealed from invades the jurisdiction of the county court of Overton county, in that it prevents the executors from making settlement of the estate in their hands in the county court and re-

moves the administration, so far as Vaughn is concerned, from the county court to the chancery court. The decree cannot be so construed. In effect, the decree does nothing more than enjoin the executors from passing over to the judgment debtor his share in the estate and requires the executors to hold the same subject to the orders of the chancery court. By necessary implication only the net share of Vaughn in the estate, after administration, is affected by the decree.' (171 Tenn. at page 651 [107 S. W. (2d), at page 222]).

"They admit that more than eighteen months has elapsed since they qualified as executors, and show to the court that their reports to the county court correctly show what they have done. They assume that the copies filed as exhibits to the petition are correct, but reserve the right to correct any errors if such there should be. They deny, however, that their reports show or that it is a fact that cash distributions in the sum of $1687.33 have been made to each legatee under the will. The truth is that some of the legatees or distributees have been paid nothing as yet, and that others were indebted to the estate and receipted for the amount of such indebtedness as against their tentative distributive shares, the amounts indicated as having been disbursed by your executors to distributees being off-set by their debts to the estate as shown by the report when properly construed. Your petitioners show to the Court that H. R. Vaughn was and is indebted to the estate in an amount greater than the amount of his distributive share, treating his indebtedness as an asset of the estate, and that the funds in their hands are trust funds, held under the terms of the will of Alvin P. Vaughn, for the use and benefit of all the legatees or distributees, and that the rights and interests of said persons are interdependent. They deny that the decrees heretofore rendered in this cause in any way, manner or form determine that any amount is due H. R. Vaughn from these executors, and say that that matter remains undertermined except so far as it has been determined in the county court.

"Defendants admit that of the estate in their hands they have converted into cash an amount largely in excess of the liabilities of the estate and expenses of administration, all which is shown by their reports to the county court; but they show that before said estate can be finally settled by them there are sundry questions to be considered and determined as will more fully appear from their bill filed in this court, styled J. C. Vaughn et al. v. H. R. Vaughn et al., No. 1567.

"Defendants admit they contend that H. R. Vaughn has nothing coming to him from these Executors for the reason shown; and insist that in any event they and the other legatees or distributees affected thereby are entitled to have that question determined as is sought to be done in said cause No. 1567. They deny that they are in any wise estopped to bring this matter before this court, or any

court, because the bill in this cause, as the Supreme Court held, does no more than to require these executors to hold intact any distributive share of H. R. Vaughn in the estate without in any way undertaking to determine what that share amounts to, if anything, and this court, under the pleadings, and for lack of necessary parties, has no jurisdiction to determine that question and did not do so.

"Defendants show to the Court that they have retained in their hands more than enough funds to pay complainant's claim if he were entitled to have the same paid, which is denied; but that said fund is a trust fund and as they are advised not subject to petitioner's demand unless all the beneficiaries are brought before the Court. They are advised and insist that it is the right and duty of executors to retain from a distributive share the amount of any indebtedness due the estate by the distributee and that this right and duty applies as against any person succeeding to the interest of such distributee; and it would be unjust and unconscionable to follow any other rule in this cause."

The deposition of Joe W. Vaughn, one of the executors, was taken and filed in the cause on behalf of the executors, and upon the hearing the Chancellor adjudged and decreed that "upon due consideration of the entire record, including the opinion and decree of the Supreme Court rendered in this cause . . . that the defendant executors are not estopped by any former decree or decrees herein to assert the right of retainer with respect to any indebtedness shown to be due from the defendant H. R. Vaughn (the complainant's judgment debtor, and a legatee under the will of Alvin P. Vaughn) to the estate of Alvin P. Vaughn"; and complainant's petition was dismissed at his cost, "save that all costs incident to the filing of said petition and the proceedings thereon accruing at the instance of defendant executors will be paid by them as executors of the estate of Alvin P. Vaughn."

Complainant Hull excepted to said decree in so far as it is adverse to his claims and contentions as set forth in his said petition, and to the adjudication of costs against him, and prayed an appeal to this Court, which was granted by the Chancellor and perfected by the complainant-petitioner.

The Chancellor filed an opinion and finding of facts, in which he said, inter alia, the following:

"A determination of the controversy presented by the petition and answer thereto, in my opinion, must be predicated on the proper construction of the former decree in this cause, and whether the former decree operated to estop or preclude the right to later retain by the Executors the indebtedness due the estate from H. R. Vaughn.

"The wording of the decree in part is, '. . . and it is accordingly adjudged and decreed by the Court that the complainant is entitled to have the entire interest and/or estate of the defendant H.

R. Vaughn in the property passing under the will of the said Alvin P. Vaughn subjected and applied to the payment and satisfaction of his aforesaid judgment. . . .'

"Section V of the answer of the defendant in the original cause is as follows:

" 'It is charged that the defendant H. R. Vaughn owed the estate of Alvin P. Vaughn for more than his interest would have been had he not owed said estate. The injunction can be effective only as an empty shell when the discharge is had at the end of this litigation."

"In support of petitioner's plea of res adjudicata considerable emphasis is directed at this allegation. I do not consider this determinative. No particular indebtedness was brought out in the proof on the former hearing. In fact, the defendants offered no proof in support of their allegations. The Court granted the complainant all the relief sought under the bill. The original bill was filed June 25, 1936, a short time after the death of Alvin P. Vaughn. The will of Alvin P. Vaughn was probated June 15, 1936. The first annual report or settlement of the Executors was filed in the County Court June 9, 1937. Another report was made November 22, 1937. The decree in this cause was entered at the January Term 1937. Report of the Executors was filed in this Court on January 13, 1938, showing no change in the status of the estate. A case is now pending in this Court, Rule No. 1567, by the Executors to have certain matters adjudged in connection with the administration. The record is a part of the record in this cause.

"In my opinion, the issue as tendered and made by Section V of defendant's answer could not have been intelligently brought out at that time under the then existing status of the administration proceeding. Certainly it should not have been undertaken except by reference, if at all.

"The Supreme Court says, in its opinion filed July 3, 1937 [171 Tenn., at] page 651 (9) [107 S. W. (2d), at page 222] :

" 'Under the third assignment of error it is contended that the decree appealed from invades the jurisdiction of the county court of Overton county, in that it prevents the executors from making settlement of the estate in their hands in the county court and removes the administration so far as Vaughn is concerned, from the county court to the chancery court. The decree cannot be so construed. In effect, the decree does nothing more than enjoin the executors from passing over to the judgment debtor his share in the estate and requires the executors to hold the same subject to the orders of the chancery court. *By necessary implication only the net share of Vaughn in the estate, after administration, is affected by the decree.'*

"(Italicizing is by the Chancellor).

"The net share of Vaughn must necessarily be determined, as the Court said, '*after administration*,' and in the process of the administration as an original proposition, Executors have a well recognized right to retain bona fide or proper indebtedness due from a legatee, and I am of the opinion that that right was not extinguished by the former decree in this case, with the interpretation placed thereon by the Supreme Court in affirming the same.

"I am, therefore, of the opinion, that the petition should be dismissed at the petitioner's cost, except for satisfactory reasons appearing, defendants will pay any cost accruing at their instances.

"In arriving at the foregoing conclusion, I have considered the entire record, however I am of the opinion that Section III of the demurrer is really determinative. I do not think the second ground of the demurrer would be good."

It is, we think, clear that, *according to the settlements of the executors made in and approved by the County Court*, there was nothing due defendant H. R. Vaughn as a legatee of Alvin P. Vaughn at the time the decree now under review was passed by the Chancery Court, for the reason that he was indebted to the estate in a much larger sum than was at that time distributable in due course of administration to his legacy; hence the question for determination here is whether the decree of January 22, 1937, in this cause, was an adjudication that defendant H. R. Vaughn was not indebted to the estate of Alvin P. Vaughn, and precludes the executors from asserting the right to retain the sum distributable to his legacy in diminution of his indebtedness to the estate. Obviously, the decision of this question, will affect the shares of each and all of the beneficiaries of the will of Alvin P. Vaughn, and they are not parties to this suit. However, we think this suit may be determined without reference to the nonjoinder of the beneficiaries of said will other than H. R. Vaughn.

█ The learned counsel for appellant have, in an able brief, cited and digested numerous authorities, many of which are opinions of the Supreme Court of this State, dealing with the doctrine of res judicata. We see no occasion to review these cases in this opinion. For the purposes of this case, we think a fair statement of the general rule is that, as between the same parties, in the same capacities, and touching the same subject-matter, the estoppel of a former judgment or decree is conclusive upon every issue which was within the purview of the pleadings and was the subject of controversy in the action or suit.

█ In Harris v. Mason, 120 Tenn., 668, 115 S. W., 1146, 25 L. R. A. (N. S.), 1011, it was held, in substance, that, to sustain a plea of res judicata, it must appear that the issue was not only involved in the former suit, but that it was litigated and decided. To same effect, see Ford v. Rice, 195 Ky., 185, 241 S. W., 835; Pitts v. Oliver, 13 S. D., 561, 83 N. W.,591, 79 Am. St. Rep., 907, 912; and Baker v. Lane, 137 Mo., 682, 39 S. W., 450.

In the midst of the elaborate opinion in Harris v. Mason, supra, 120 Tenn., at pages 681, 682 and 683-685, 115 S. W., at page 1149, 25 L. R. A. (N. S.), 1011, the Court said:

"In Freeman on Judgments, in section 276, the author embodies in his text an excerpt from an opinion of the Supreme Court of Massachusetts with approval, in the following language: 'To be a bar to future proceedings it must appear that the former judgment necessarily involved the determination of the same fact, to prove or disprove which it is offered in evidence. It is not enough that the question was in issue in the former suit. It must also appear to be precisely determined. Where in the answer various matters of defense are set forth, some of which relate to the maintenance of the suit, and others to the merits, and there is a general decree of bill dismissed, it is impossible to hold the decree a bar to future proceedings.'

"This would seem to be in accord with sound principle. While it is a matter of public policy that parties or their privies should not be permitted to controvert in a legal or equitable forum an issue, or a fact, tried and determined in an earlier litigation, yet the same policy would forbid that a party or privy to such litigation shall be estopped where the issue or fact in question was either not litigated or not determined. And it would seem also true that, where a party in a matter of this character invoked the rule of res adjudicata, he should leave nothing open to uncertainty or doubt. For, as is said in Russell v. Place [94 U. S., 606, 24 L. Ed., 214], supra. 'According to Coke, an estoppel must "be certain to every intent;" and, if upon the face of a record anything is left to conjecture as to what was necessarily involved and decided, there is no estoppel in it when pleaded, and nothing conclusive in it when offered as evidence.' See Aiken v. Peck, 22 Vt., [255], 262, and Hooker v. Hubbard, 102 Mass., [239], 245. . . .

"In Bugg v. Norris' Lessee, 4 Yerg., 326, there was involved the questions of the effect of a pending caveat proceeding upon the possession of the caveatee, where the final judgment was in favor of the caveator. The court, speaking through Catron, C. J., said: 'It is an established rule of law that a matter which has once been decided shall not be again litigated between the same parties; but judgment must be directly upon the point.'

"Estill v. Taul, 2 Yerg., 467, 24 Am. Dec., 498, was an action to recover rents, and the defendant produced a former judgment in his favor by a justice of the peace, and relied upon it as an adjudication. On appeal it was held that evidence was admissible to show the fact or issues determined, and that the circuit judge erred in instructing the jury, in effect, that, whether the justice of the peace did or did not try the former cause upon its merits, his judgment was conclusive.

"In Warwick v. Underwood, 3 Head, 238, 75 Am. Dec., 767, it was held that, where the former judgment is general and uncertain, parol evidence is admissible to show the fact or issue tried and involved in that judgment.

"In Brewster v. Galloway, 4 Lea, 558, it was expressly ruled that, for the adjudication to be conclusive, it shall be upon the very point brought directly in issue by the pleadings.

"In Fowlkes v. State, 14 Lea, 14, the questions involved and the rulings of the court are well stated by the reporters as follows: 'A judgment was recovered in the county court upon motion against the administrator of the clerk of court and the sureties on the clerk's bond. The defendants afterwards undertook to remove the cause into the circuit court for a new trial by writs of certiorari and supersedeas, which writs were dismissed on motion of the plaintiffs. The defendants then appealed in error to this court, where the proceedings below were reversed and the motion dismissed. Held that the judgment was not rendered on the merits. As a general rule the onus of establishing an estoppel is upon him who invokes it, and in all cases in which the record gives no intimation whether a particular matter is determined, or where the language used leaves it uncertain and to conjecture, the party relying on the estoppel must aver the fact and support it by proof aliunde.'

"For the purpose of ascertaining whether an estoppel could be raised upon the prior record, it was held in that case, as well as in the later cases of State v. Bank of Commerce, 96 Tenn., 591, 36 S. W., 719, and of Borches & Co. v. Arbuckle Bros. (Tenn.), [498], 500, 78 S. W., 266, that the opinion of the court, where the judgment was silent upon the point, might be looked to for the purpose of determining what was really decided by the court and intended to be adjudged. In the last named of these cases the instruction given in an earlier case between the same parties, involving the same matter of controversy, this court felt authorized to look to the direction that the circuit judge gave to the jury in the earlier case and consider its effect for the purpose of determining what was really settled in that case.

"Nor are the cases of Nicholson v. Patterson, 6 Humph., 394; Thomson v. Blanchard, 2 Lea, 528; Boyd v. Robinson, 93 Tenn., 1, 23 S. W., 72, and Donaldson v. Nealis, 108 Tenn., 638, 69 S. W., 732, out of line with the cases just referred to."

In ascertaining what issues were decided by the decree of January 22, 1937, it should be remembered that Alvin P. Vaughn died on June 7, 1936; that his will was probated and his executors qualified on June 15, 1936; that complainant's original bill was filed on June 25, 1936, and the answer of the defendant-executors to the original bill was filed on July 8, 1936.

The complainant's bill did not seek to remove the administration from the County Court to the Chancery Court, and no decree in this cause purports to effect such removal. Of necessity, the administration of the estate involved the ascertainment of the sum distributable to each of the several legatees. How were these sums to be ascertained, if not by the county court?

It was manifestly in recognition of the fact that the interest of defendant H. R. Vaughn must be ascertained in the due administration of the estate by the executors in the County Court that, in his decree of January 22, 1937, the Chancellor did not undertake to adjudicate the amount or extent of the interest of H. R. Vaughn in his father's estate, or to render a decree for any specific sum against the executors, but decreed that the defendant-executors "be and they are required to disclose and report to this court from time to time what property or funds are in their hands or custody as such executors belonging to the defendant H. R. Vaughn, and to hold all such property or funds subject to the orders of the court," and he retained the cause in his court for such further orders and decrees as to the court may seem proper.

When the Chancellor made his decree of January 22, 1937, all that the record contained with reference to the interest of H. R. Vaughn in his father's estate was the *denial* in the answer of the executors (filed twenty-three days after the probate of the will) "that the estate of Alvin P. Vaughn, deceased, owes the defendant H. R. Vaughn any amount either under will or otherwise," and the allegation that "the defendant H. R. Vaughn owed the estate of Alvin P. Vaughn for (far) more than his interest would have been had ·he not owed said estate." We think it apparent from the decree that the Chancellor did not consider, or decide, any question relating to the amount of the interest of H. R. Vaughn in his father's estate, but expressly deferred the adjudication of that question to await the reports of the executors from time to time in the course of the administration of the estate. The case had not then reached a stage where the facts could be developed upon which such a decree could rest, and when the former judgment does not involve the "factual base" of the later suit, the defense of res judicata is not good. Beare v. Burnett, 162 Tenn., 610, 613, 39 S. W. (2d), 737; Nevins v. Coleman, 198 Mo. App., 252, 200 S. W., 445, 447; Russell v. Place, 94 U. S. 606, 24 L. Ed., 214, 215.

By its decree the Supreme Court affirmed the Chancellor's decree of January 22, 1937, without modification, but, as pointed out by the Chancellor in his opinion now under review, the Supreme Court, in its opinion (171 Tenn., at page 651, 107 S. W. (2d), page 222) held that the Chancellor's decree could not be construed as preventing the executors from making settlement of the estate in their hands in the County Court, and as removing the administration from the

County Court to the Chancery Court; that, "in effect, the decree does nothing more than enjoin the executors from passing over to the judgment debtor his share in the estate and requires the executors to hold the same subject to the orders of the chancery court," and that, "by necessary implication only the net share of Vaughn in the estate, after administration, is affected by the decree."

As held in Harris v. Mason, supra, 120 Tenn., at pages 684, 685, 115 S. W., at page 1150, 25 L. R. A. (N. S.), 1011, we understand that we may look to the opinion of the Court for the purpose of determining what that Court "intended to be adjudged."

It is argued for appellant that it must be assumed that the Supreme Court construed the Chancellor's decree of January 22, 1937, as adjudicating each and all of the issues made by the pleadings before him at that time; that otherwise the Supreme Court would not have entertained the appeal, as an appeal lies only from a final decree, and a final decree is one which disposes of every issue arising on the record.

Interpreting the decree as not adjudicating, but, by necessary implication, reserving the question of the "right of retainer" by the executors, we do not think it necessarily follows that the appeal was premature, but it is not necessary for us to decide the question as to whether the appeal was or not premature, for "the question of prematurity was not made" on the former appeal, and "the point was not considered by the court." Bruce v. Anz, 173 Tenn., 50, 53, 114 S. W. (2d), 789, 790.

In 34 Corpus Juris, pages 935-936, section 1339, it is said: "A judgment is not conclusive on any point or question which from the nature of the case, the form of action, or the character of the pleadings could not have been adjudicated in the suit in which it was rendered, nor, the action having been at law, of a claim or defense which would be cognizable only in equity; nor as to any matter which must necessarily have been excluded from consideration in the case as being beyond the jurisdiction of the particular court."

The "right of retainer" claimed by the executors in this case "is not the technical right of set-off in actions at law," although sometimes thus designated in the books. Webb v. Fuller, 85 Me., 443, 27 A., 346, 22 L. R. A., 177.

The nature and rationale of this right, as held by many courts, is disclosed by an Annotation in 1 A. L. R., at page 993 et seq., in some of which cases it is defined as "rather a right to treat the distributive share, or legacy, as having been paid pro tanto out of the assets of the estate which the debtor has in hand;" and in others it is said that "the right is based upon the equitable principle that no one should be admitted to share in the distribution of a fund until he has discharged his obligation to contribute to the fund."

In Gosnell v. Flack, 76 Md., 423, 427, 428, 25 A., 411, 412, 18 L. R. A., 158, it is said: "The right to a distributive share is subordinate from the beginning to the distributee's indebtedness to the estate. If he is charged with the indebtedness, as he should be, he can only receive in the way of a distributive share what remains after deducting that indebtedness. In other words, his right to claim any portion of the estate is limited to that portion, if any, which is in excess of what he owes to the estate;" and the creditor of the distributee-debtor stands in the latter's place and has no greater rights.

In the Tennessee case of Irvine v. Palmer, 91 Tenn., 463-465, 91 S. W., 326, 327, 30 Am. St. Rep., 893, the Court said:

"The right of retainer for a debt due the estate from a legatee is an equitable doctrine, which has received the support and sanction of courts of equity from the earliest cases. The right to retain is grounded upon the principle that it would be inequitable that a legatee should be entitled to his legacy while he retains in his possession a part of the funds out of which his and other legacies are to be paid. He should not receive anything out of such a fund without deducting therefrom the amount of that fund which he has in his hands as a debt to the estate. An assignee of the legatee takes his legacy subject to the same equity which exists against it in his hands. This equitable principle and doctrine is approved by all the leading text writers."

The doctrine of "retainer" applies in a case of equitable conversion. Stanley v. United States National Bank, 110 Or., 648, 224 P., 835, 838. The case of Irvine v. Palmer, supra, was a case of equitable conversion, resulting (as in the instant case) from directions in the testator's will that his real estate be sold and converted into money and divided between certain of his relations, one of whom was the defendant Palmer, whose legacy the complainant Irvine was seeking to subject to a judgment in his favor against defendant Palmer.

Appellant has filed five assignments of error. It follows from what we have said herein that the second, third, fourth and fifth assignments of error are overruled.

The first assignment of error is that "the Chancellor erred in finding and holding that the record in the case of J. C. Vaughn et al. v. H. R. Vaughn et al., No. 1567 in the Chancery Court of Overton County 'is a part of the record in this cause' (Tr. 104), since the Chancellor expressly overruled the application and motion of complainants in that case that it be consolidated with this cause."

It appears that while counsel for complainant and defendants were engaged in taking the deposition of Joe W. Vaughn, counsel for the executors gave notice to complainant that "the defendant will offer as evidence on the hearing of this case the technical record in the case of J. C. Vaughn et al. v. H. R. Vaughn et al., No. 1567, in the Chancery Court at Livingston, Tennessee." In his findings, filed as

a part of the record, the Chancellor found that said record "is a part of the record in this cause." Counsel for complainant joined with counsel for defendants in a stipulation abridging the record, in said case No. 1567; and the abridged record, in accordance with the aforesaid stipulation, appears in the transcript, duly marked filed by the Clerk & Master as a part of the record.

We think it sufficiently appears that the record in said case No. 1567 (as abridged by the stipulation) is a part of the record on this appeal, and the first assignment of error is overruled.

However, we may add that we have not found it necessary to resort to the said record in case No. 1567 in order to reach the conclusions stated herein, and, if the Chancellor erred in treating said record as a part of the record in this case (which we do not hold) such error was harmless and did not affect the result.

It results that the decree of the Chancery Court now before us for review, is affirmed, and the cause will be remanded to the Chancery Court of Overton County for the further execution of the decree of January 22, 1937, in conformity with the opinion of this Court.

The costs of the appeal will be adjudged against the appellant and the surety on his appeal bond.

Crownover and Felts, JJ., concur.