# UNITED STATES FIDELITY AND GUARANTY COMPANY v. BITUMINOUS CASUALTY CORP.
## —371 S. W. (2d) 801.

Eastern Section.  December 4, 1962.

Certiorari Denied by Supreme Court April 10, 1963.

Minter & Tipton, Kingsport, for plaintiff in error.

M. Lacey West, Kingsport, for defendant in error.

COOPER, J. This suit was brought by the Bituminous Casualty Corporation against the United States Fidelity and Guaranty Company, the City of Kingsport and James Christian seeking a declaration of the Court as to which of the two insurance companies should pay the judgment awarded by the Chancery Court of Sullivan County to James Christian in a suit against the

City of Kingsport under the Workmen's Compensation Act.

Bituminous Casualty was the insurance carrier for the City of Kingsport until January 1, 1960, when the United States Fidelity and Guaranty Company became the insurance carrier. In its suit for declaratory judgment, Bituminous Casualty insists that the pleadings, evidence and decree of the Chancellor in the Workmen's Compensation suit shows that Christian received two injuries—one, on September 28, 1959 within the period when Bituminous had the coverage, and the other on February 8, 1960, when United States Fidelity and Guaranty Company had the coverage—and that the Chancellor had failed to decree which insurance company should pay the judgment. Bituminous took the position that the evidence showed that the accident which caused Christian's disability occurred on February 8, 1960, and that the United States Fidelity and Guaranty Company should pay the entire judgment awarded Christian.

United States Fidelity and Guaranty Company filed a plea of res judicata contending that the Chancellor had found that Christian received his only injury on September 28, 1959, within the time Bituminous had the coverage, and that Bituminous was bound by the Chancellor's finding. United States Fidelity and Guaranty Company also filed an answer insisting that the evidence showed that Christian received his injury on September 28, 1960 and that Bituminous was liable for payment of the judgment.

The parties stipulated that the trial court, in deciding the issues in the declaratory judgment suit, would con-

sider, as evidence, the record and testimony in the compensation suit.

The trial court determined that Christian's disability was due to an injury he received on February 8, 1960 and ordered United States Fidelity and Guaranty Company to pay the judgment awarded Christian in the suit under the Workmen's Compensation Act.

United States Fidelity and Guaranty Company filed a motion for a new trial, and, when it was overruled, appealed. The six assignments of error present, in our opinion, two issues to be decided by this Court: (1) Did the trial court err in failing to sustain defendant's plea of res judicata; and if not, (2) Does the evidence preponderate against the trial court's finding that Christian's disability was due to an accident which occurred on February 8, 1960?

■ Bituminous insists that the trial court did not rule on the plea of res judicata, and that United States Fidelity and Guaranty Company waived the plea by failing to file a petition to rehear. We cannot agree. As pointed out above, United States Fidelity and Guaranty Company filed a motion for a new trial. One of the grounds set out in the motion was that the trial court erred in failing to sustain the plea of res judicata. This was sufficient to call the plea to the trial court's attention, and to preserve the trial court's error, if any, for consideration by this Court.

Did the trial court err in failing to sustain the plea of res judicata? We think so.

■ The party pleading res judicata has the burden of proving it, and to sustain such a plea it must be made

to appear that the issue, fact, or right was not only involved in the former suit but was litigated and determined by the former judgment or decree. Hull v. Vaughn, 23 Tenn. App. 448, 134 S. W. (2d) 206; Harris v. Mason, 120 Tenn. 668, 115 S. W. 1146, 25 L.R.A.,N.S., 1011; Rutherford v. Parker, 29 Tenn. App. 179, 195 S. W. (2d) 328.

The record shows that in the petition Christian filed in the Workmen's Compensation suit, he alleged that he received an injury to his low back on September 28, 1959, while changing a tire on the truck he drove for the City of Kingsport; that treatment of the injury required hospitalization for a period of 8 days, and rest for some three weeks; that he returned to work in October, 1959, still suffering pain from his injury, and worked on as best he could with pain in his back and numbness in his leg until the 8th day of February, 1960, when the strain of the work caused the pain in his back to become so bad that he had to quit work again; thereafter, he was operated on in the month of February, 1960.

Bituminous Casualty, even though it was not a named party in the workmen's compensation petition, filed an answer in its behalf and also in behalf of the City of Kingsport in which it demanded proof of material facts, and set forth, in detail, the notice from Bituminous to the City of Kingsport that Bituminous would not be liable for injuries to employees of the city which occurred after January 1, 1960. Bituminous also averred that if Christian was suffering from an injury, he received it on February 8, 1960.

United States Fidelity and Guaranty Company, although not a named defendant, also entered its appear-

ance in the workmen's compensation suit by filing an answer contending that Christian sustained his accidental injury on September 28, 1959, when Bituminous Casualty Corp. was the insurance carrier, and at no other time.

At the outset of the trial counsel for both Bituminous and United States Fidelity and Guaranty Company announced to the Court their contentions as to the time of the injury, and the trial court permitted counsel for both companies to examine witnesses during the course of the trial.

After hearing the proof, Chancellor Phillips stated:

"The complainant testified, and the evidence shows, that he was admitted into the hospital in the month of September, 1959, and that he remained there for approximately eight or nine days; that he was treated and that he attempted to return to his job as a truck driver, but that his condition grew progressively worse; that the onslaught of his trouble began from the day of the injury when he was changing the tire in September, 1959, and from that date until his operation sometime in February of 1960, that his condition grew worse."

\*　\*　\*　\*　\*

"\* \* \* The evidence shows that he has been a good worker prior to the injury in September, 1959. His fellow employees, his wife and other testimony corroborate the contention of the complainant that he was a faithful and efficient worker before the injury and before the operation, but that now he is not able to perform any kind of work of an employable nature."

The Chancellor made no finding that Christian suffered a later or second injury on February 8, 1960.

The findings of the Chancellor were included in a decree entered on September 23, 1960 awarding Christian a judgment against the City of Kingsport. The decree was approved by counsel representing the petitioner, the City of Kingsport, the United States Fidelity and Guaranty Company, and Bituminous Casualty Corporation. No appeal was taken by any party.

■ We think it is evident from the pleadings of the parties and the findings of the Chancellor that the question of when Christian received his injury was litigated and determined in the workmen's compensation suit. This issue being the determinative issue in the suit for declaratory judgment, the trial court should have sustained the plea of res judicata.

■ The general rule is that, as between the same parties, in the same capacities, and touching the same subject matter, the estoppel of a former judgment or decree is conclusive upon every issue which was within the purview of the pleadings and was the subject of controversy in the action or suit. Harris v. Mason, 120 Tenn. 668, 115 S. W. 1146, 25 L.R.A.,N.S., 1011; Pile v. Pile, 134 Tenn. 370, 183 S. W. 1004; Hull v. Vaughn, 23 Tenn. App. 448, 134 S. W. (2d) 206.

As stated in 30A American Jurisprudence, Judgments, Sec. 371, p. 411:

"It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action between the same

50

parties or their privies, regardless of the form the issue may take in a subsequent action, * * *.''

One facet of this case that mystifies this Court is why counsel, if he felt that the Chancellor had failed to decide the very material issue of when Christian received his injury, or if he felt that the decree of the Chancellor was ambiguous, did not ask for an additional finding of fact or clarification of the Chancellor's decree rather than filing a new suit before another trial court, especially as the new suit was filed within the 30 day period after the decree of the Chancellor was entered, and the Chancellor had full control of his decree.

As to the second issue raised by the assignments of error, we have carefully read the record and are of the opinion that the evidence clearly preponderates against the trial court's finding in the declaratory judgment suit that Christian's disability was attributable to an injury received on February 8, 1960. (T.C.A. sec. 27-303). We find, as did the Chancellor in the workmen's compensation suit, that Christian's disability was attributable to the injury received on September 28, 1959.

In accordance with the above, the judgment of the trial court is reversed, and the case dismissed. Costs incident to the appeal are adjudged against Bituminous Casualty Corporation.

McAmis, P. J., and Avery, (P. J., W. S.), concur.