Gary M. KOONTZ, Plaintiff-Appellant,

v.

CUMIS INSURANCE SOCIETY, INC., and Southern Fire and Casualty Co., Defendants-Appellees.

Court of Appeals of Tennessee, Eastern Section.

July 6, 1984.

Rehearing Denied July 31, 1984.

Permission to Appeal Denied by Supreme Court Sept. 24, 1984.

Sidney Gilreath, Knoxville, for plaintiff-appellant.

William A. Simms of Arnett, Draper & Hagood, Knoxville, for defendant-appellee, Cumis Insurance Society, Inc.

Paul E. Parker of O'Neil, Parker & Williamson, Knoxville, for defendant-appellee, Southern Fire and Casualty Co.

## OPINION

FRANKS, Judge.

Plaintiff's suit, seeking a declaratory judgment as to whether either of defendants' insurance policies provides coverage for plaintiff's judgment of $17,000.00 for personal injuries, was summarily dismissed by the trial judge. Judgment was entered on behalf of Cumis Insurance Society, Inc., on the basis that a prior judgment in a suit between the parties, entered July 15, 1981, was *res judicata* on the issues raised in this action and, as to Southern Fire & Casualty Company, the basis of the dismissal was a prior suit was pending between the parties in Sevier County Chancery Court.

The suit which is the basis of the *res judicata* plea was appealed to this court and is reported as *Koontz v. Epperson Elec. Co.,* 643 S.W.2d 333 (Tenn.App.1982). Facts material to the instant case are set forth in that opinion:

On August 28, 1978, Gary M. Koontz filed a complaint against his employer, Epperson Electric Company, and another employee, Richard A. Hooyman, seeking damages for his personal injury. Cumis, Mr. Koontz' uninsured motorist carrier, was apparently served with process, because it filed an answer.

On October 4, Mr. Hooyman answered, raising the affirmative defense that the injury was covered by workman's compensation benefits which he alleged were the exclusive remedy for Mr. Koontz.

On October 25, Cumis filed an answer which raised this defense and also insisted that Southern Fire afforded coverage to Mr. Hooyman, thus rendering the uninsured motorist coverage of the policy issued by Cumis inapplicable....

On March 30, 1979, Epperson answered the original complaint averring that Mr. Hooyman was in the course and scope of his employment at the time of the occurrence.

On April 2, Epperson answered the cross complaint of Cumis, making the same contention as in its answer to the original suit.

On November 16, Cumis moved to sever the claim of Mr. Koontz against it and its cross-claim against Hooyman and Epperson. This motion apparently was sustained orally, although the order of severance was not entered until November 30.

On November 26, judgment entered which first sustained motion of counsel for Mr. Hooyman to withdraw, then allowed Mr. Koontz a voluntary dismissal without prejudice as to Epperson. Thereupon, the Court found that at the time of the accident Mr. Koontz and Mr. Hooyman were not on the job, but were on their way to lunch. The Court then found that the issues joined in favor of Mr. Koontz and rendered judgment

against Mr. Hooyman in the amount of $17,000.

On December 19, 1980, order entered sustaining Cumis' motion to file a third-party complaint against Southern Fire & Casualty.

On January 28, 1981, Southern Fire & Casualty answered the third-party complaint, denying its policy afforded coverage for the injuries to the original Plaintiff Mr. Koontz.

On June 25, judgment entered, again finding that Mr. Hooyman and Mr. Koontz were not within the course of their employment by Epperson, and then finding that the issues joined were in favor of Cumis. The Court thereupon dismissed Mr. Koontz' suit against Cumis, Cumis' cross-action against Mr. Hooyman and Epperson, as well as its third-party action against Southern Fire & Casualty. 643 S.W.2d, at 334.

Koontz did not appeal from that judgment.

■ Plaintiff elected to pursue the issue of uninsured motorist coverage for his claim against Cumis to judgment in the prior case. The identical issue is raised in plaintiff's pleadings in the instant case. As between the same parties, in the same capacities, involving the same subject matter, estoppel of former judgment is conclusive upon every issue which was within the purview of the pleadings and was the subject of controversy in the prior suit. *Hull v. Vaughn,* 23 Tenn.App. 448, 134 S.W.2d 206 (1939).

■ The substance of plaintiff's argument on appeal is a collateral attack upon the prior judgment as plaintiff insists the prior judgment is void. This issue was neither plead in the trial court nor decided by the trial judge. Accordingly, it is not properly before us on appeal. As the record stands, the prior decision is *res judicata* on the issue of coverage as to Cumis and the trial court is affirmed.

■ As to the court's order dismissing Southern Fire & Casualty Company, it is undisputed that plaintiff is a resident of Sevier County and Southern Fire & Casualty Company had filed a complaint for a declaratory judgment in the Chancery Court of Sevier County against plaintiff on January 14, 1983, which suit was pending at the time this suit was filed on January 24, 1983. This action was properly dismissed since another suit on the same subject matter, between the same parties, was pending in a court of this state having jurisdiction of the subject matter and parties. *Cockburn v. Howard Johnson, Inc.,* 215 Tenn. 254, 385 S.W.2d 101 (1964).

The judgment of the circuit court is affirmed and the cause remanded with costs incident to the appeal assessed to appellant.

SANDERS and GODDARD, JJ., concur.